653 So.2d 842 (1995)
Donald HEBERT
v.
Joe JEFFREY, Jr., Venture Transport Company, Ranger Insurance Company,[1] Thomas H. Gordon, Dwight J. Granier & Liberty Mutual Insurance Company.
No. 94 CA 1230.
Court of Appeal of Louisiana, First Circuit.
April 7, 1995.
James H. Dupont, Plaquemine, for plaintiff-appellee Donald Hebert.
Phillip J. McMahon, Houma, for defendants-appellants Liberty Mut. Ins. Co. and Dwight Granier.
John E. Cox, Steven C. Judice, Baton Rouge, for defendants-appellees Joe Jeffrey, Jr., Venture Transport Co., Ranger Insurance Co., and Thomas W. Gordon.
Charles Schutte, Jr., Baton Rouge, for intervenor-appellee Petrin Corp.
*843 Before WATKINS and FOGG, JJ., and TANNER,[2] J. Pro Tem.
FOGG, Judge.
The issue raised on appeal in this tort suit involving an automobile accident is whether the plaintiff was in the course and scope of his employment at the time of the accident.
Donald Hebert was injured on February 5, 1991 in an automobile accident which occurred at the intersection of Louisiana Highway 662 and U.S. Highway 90 in Assumption Parish, Louisiana. Hebert was a guest passenger in a vehicle being driven by Dwight J. Granier, owned by Petrin Corporation, and insured by Liberty Mutual Insurance Company. Granier and Hebert were employees of Petrin en route to a Petrin job in Morgan City, Louisiana.
At the time of the accident, Granier was attempting to cross Highway 90. As Granier's vehicle proceeded through the intersection, it was struck on the passenger side by a tractor-trailer driven by Thomas H. Gordon, owned by Joe Jeffrey, Jr., leased to Venture Transportation Company, and insured by Ranger Insurance Company, injuring Hebert. Petrin immediately commenced the payment of benefits under the Louisiana Worker's Compensation Act (LWCA) to Hebert.
Hebert filed suit on January 31, 1992 against Joe Jeffrey, Jr., Venture Transport Company, Ranger Insurance Company, Thomas H. Gordon, Dwight J. Granier, and Liberty Mutual Insurance Company, seeking to recover damages for injuries he sustained in the automobile accident. Joe Jeffrey, Jr., Venture Transport Company, Ranger Insurance Company and Thomas H. Gordon filed a cross-claim and third party demand against Granier, Petrin Corporation, and Liberty Mutual Insurance Company. Granier and Liberty Mutual Insurance Company filed a cross-claim against Joe Jeffrey, Jr., Venture Transport Company, Ranger Insurance Company, and Thomas H. Gordon. Petrin filed a petition of intervention, seeking to recover the benefits paid to Hebert under the LWCA pursuant to LSA-R.S. 23:1101 et seq. and, alternatively, under the theory of unjust enrichment.
The principal demand and incidental demands other than Petrin's intervention were tried by jury on September 13-16, 1993. The jury determined that Granier was solely at fault in causing the accident and assigned 100% of the fault to him. The jury awarded Hebert damages in the sum of $916,838.00. This judgment was rendered on October 12, 1993.
Subsequent to the trial, Hebert filed a rule to have the court determine if he was entitled to an award of reasonable attorney's fees and costs from Petrin under LSA-R.S. 23:1103.
The issue of an award of attorney's fees and costs to Hebert and Petrin's intervention were taken up by the court at a hearing on April 12, 1994. On May 5, 1994, the court awarded judgment in favor of Petrin and against Hebert, Granier, and Liberty Mutual, in solido, in the principal sum of $68,876.28. This represented the total amount claimed by Petrin of $91,835.04,[3] less a credit of $22,958.76 for reasonable attorney's fees and costs incurred by Hebert in prosecuting the principal demand.
By the instant appeal, Granier and Liberty Mutual Insurance Company appeal the judgment of October 12, 1993.[4] The issues raised on appeal are whether the trial court erred in allowing the jury to decide whether the accident arose in the course and scope of employment and whether the accident occurred within the course and scope of employment.[5]
Relying on LSA-C.C.P. art. 1732, which provides that a jury trial is not available *844 in a worker's compensation proceeding, we have previously held that the issue of whether an accident is work related must be determined by the court in a worker's compensation case. Seay v. Wilson, 569 So.2d 227 (La.App. 1st Cir.1990), writ denied sub nom., Johnson v. Newman, 572 So.2d 70 (La.1991); Solet v. K-Mart Corp., 555 So.2d 35 (La.App. 1st Cir.1989), writ denied, 558 So.2d 572 (La.1990). Therefore, we find that the trial court erred by allowing the jury to determine whether the accident occurred within the course and scope of the plaintiff's employment.
Although the jury's determination is invalid, the record is complete on whether the accident is work related. Consequently, we will disregard the jury's determination and make a de novo determination of whether the accident occurred within the course and scope of the plaintiff's employment.
The Worker's Compensation Law imposes liability for benefits upon an employer (subject to certain exceptions) for the personal injuries of its employees "arising out of and in the course of employment." LSA-R.S. 23:1031. Generally, an accident which occurs while an employee is going to or coming from work does not occur in the course and scope of employment. Stephens v. Justiss-Mears Oil Co., 312 So.2d 293 (La. 1975); Seay v. Wilson, 569 So.2d at 232, Johnson v. Newman, 572 So.2d 70 (La.1991). Exceptions to the rule are recognized where the employer has furnished transportation as an incident to the employment agreement, either through a vehicle or payment of expenses, and where wages are paid for the time spent in traveling. Castille v. Sibille, 342 So.2d 279 (La.App. 3rd Cir.1977).
Additionally, Malone and Johnson, Louisiana Civil Law Treatise, Worker's Compensation, Sec. 170, at 392 (1994), sets forth the following considerations regarding transportation as an incident of employment:
The fact that the employer occasionally provides transportation to accommodate an employee is not enough to bring the situation within the exception to the general rule that trips to and from the place of work are outside the course of employment.... In view of the informal character of hiring agreements, the undertaking to provide transportation must usually be implied from the circumstances. For this reason, the fact that there is a prevailing practice of carrying employees back and forth is important, and the fact that such trips have been made only infrequently or irregularly has been regarded as an indication that the arrangement is one of accommodation only. [Footnote omitted.]
When an employer seeks to avail itself of tort immunity under the worker's compensation statute, the employer has the burden of proving entitlement to the immunity. LSA-R.S. 23:1032; Mundy v. Department of Health and Human Resources, 593 So.2d 346 (La.1992).
The record shows that in the normal course of work Petrin required its employees to provide their own transportation to work and did not furnish travel expenses to its employees. Van B. Williams, Jr., Granier's supervisor, testified that there were times when Petrin supplied transportation to its employees such as on occasions when the job was in a geographic area that was new to the workers. However, he admitted that Petrin did not require Granier to drive the other employees to work on the day of the accident. In the instant case, the accident occurred before 7:00 A.M. on a rainy day while four Petrin employees were traveling to a new jobsite. On the morning of the accident, the Petrin employees met at a predetermined location, intending to follow each other to the jobsite. Granier, who supervised the other three employees, offered to drive; the other employees accepted the offer. Granier testified that he suggested that the employees ride with him to insure that none of the employees would get lost driving to the jobsite and to insure that they would all arrive at the same time. The testimony of the other three employees indicates that they were not required by Petrin to ride with Granier that morning.
Additionally, the testimony shows that it was not Petrin's practice to pay its employees for travel time. Hebert testified that, on the day of the accident, his wages were not to begin until 7:00 A.M., the time he was *845 supposed to be at the job site to begin working. Other employees testified similarly. Only Granier testified to the contrary, stating that at the time of the collision, all of the Petrin employees were being paid for travel.
We find that Granier gratuitously offered to drive the other Petrin employees to the jobsite. It was an unplanned offer, the acceptance of which was not required by Petrin of its employees. Furthermore, Hebert was not paid for his travel time on that day. This incidental occasion on which transportation was provided to Hebert was insufficient to place Hebert in the course and scope of his employment at the time of the accident.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellants, Dwight J. Granier and Liberty Mutual Insurance Company.
AFFIRMED.
WATKINS, J., dissents for reasons assigned.
WATKINS, Judge, dissenting.
I respectfully dissent from the majority opinion. I believe that the recent decision of Orgeron on Behalf of Orgeron v. McDonald, 93-1353 (La. 7/5/94), 639 So.2d 224, dictates a finding that Mr. Hebert was within the course and scope of his employment at the time he was injured. The court in Orgeron explained that "[w]hen an employee is required to check in at a certain place and is then dispatched to the work site for that day, he is generally in the course of employment in the travel between the check in place and the work site, but not between home and the check in place." Id. at p. 6, 639 So.2d 224. In the instant case, Mr. Hebert and two other employees were required to check in at a designated place before proceeding to the work site. They all proceeded from the check point to the work site in a company vehicle being driven by their supervisor Mr. Granier. Furthermore, Mr. Granier testified that when the accident occurred the men were being paid by Petrin.
The above leads me to the conclusion that Mr. Hebert and his co-employees were under the control of their employer from the time they arrived at the check point, and were thus within the course and scope of their employment at the time of the accident.
NOTES
[1] Ranger Insurance Company was named incorrectly in petition as Ranger County Mutual Insurance Company.
[2] Judge Thomas W. Tanner, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[3] Although $91,835.04 is the correct total of medical benefits and compensation payments made ($60,838.50 plus $30,996.54), the judgment incorrectly refers to the amount as $91,843.04.
[4] In the case of Hebert v. Jeffrey, 94-1570, ___ So.2d ___ decided this day, we address the judgment rendered on May 5, 1994.
[5] Initially, Hebert answered the appeal, seeking an increase in the damage award; in brief, Hebert stated he no longer intended to pursue this issue, thereby abandoning it.