I2FOGG, Judge.
The salient issue raised on appeal in this tort action is whether an employer has an action for the reimbursement of worker’s compensation benefits pursuant to LSA-R.S. 23:1101 once it has been determined that the injured employee was not in the course and scope of his employment at the time of the accident.
The facts and procedure of this case are fully set forth in the case of Hebert v. Jeffrey, *354 94-1230, 653 So.2d 842 decided this day. The judgment appealed from in the instant case was rendered on May 5, 1994, subsequent to the judgment reviewed in Hebert v. Jeffrey, 94-1230, 653 So.2d 842. On May 5, 1994, the trial court awarded judgment in favor of Petrin Corporation (Petrin) and against Donald Hebert, Dwight J. Granier, and Liberty Mutual Insurance Company, in solido, in the sum of $68,876.28, thereby reimbursing Petrin for worker’s compensation benefits it had paid to Hebert. This figure represented the total amount claimed by Pet-rin of $91,835.04[3], less a credit of $22,958.76 for reasonable attorney’s fees and costs incurred by Hebert in prosecuting the principal demand.
On appeal, Petrin contends its recovery is pursuant to the legal theory of unjust enrichment rather that worker’s compensation law; therefore, the trial court erred in awarding Hebert attorney’s fees and costs pursuant to LSA-R.S. 23:1103. Hebert answered this appeal, contending the benefits were paid by Petrin voluntarily; therefore, Petrin is not entitled to reimbursement. Alternatively, Hebert contends the award for attorney’s fees and costs should be increased and he should recover additional attorney’s fees incurred in this appeal.
Under the worker’s compensation law, employee and employer suits against third persons are regulated by LSA-R.S. 23:1101 as follows in pertinent part:
|SA. When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as “third person”) other than those persons against whom the said employee’s rights and remedies are limited in R.S. 23:1032, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of damages for the claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.
B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents. The recovery allowed herein shall be identical in percentage to the recovery of the employee or his dependents against the third person and, where the recovery of the employee is decreased as a result of comparative negligence, the recovery of the person who has paid compensation or has become obligated to pay compensation shall be reduced by the same percentage.
C. For purposes of this Section, “third person” shall included any party who causes injury to an employee at the time of his employment or at any time thereafter provided the employer is obligated to pay benefits under this Chapter because the injury by the third party has aggravated the employment related injury.
This express statutory language requires that an injury, sickness or disease occur for which worker’s compensation benefits are payable in order for the employer to recover such benefits from a third party tort-feasor. Elliott v. Glass, 615 So.2d 1354 (La. App. 2nd Cir.1993). In order for the interve-nor to bring an action for indemnification under LSA-R.S. 23:1101, there must be a corresponding right in the employee to receive compensation as a result of the injuries in question, in this case, the injuries sustained in the automobile accident. Cedotal v. Wausau Insurance Co., 493 So.2d 263 (La. App. 3rd Cir.1986); Paulk v. General Accident Group, 373 So.2d 599 (La.App 3rd Cir. *355 1979). The injury must be from an accident “arising out of and in the course and scope of’ Hebert’s employment with Petrin. See Cedotal, at 265.
In the instant case, we have determined that Hebert was not in the course and scope of his employment at the time of the accident. | therefore, the injuries he suffered are not compensable under the worker’s compensation law. Under these circumstances, LSA-R.S. 23:1101 does not apply. The trial court erred in awarding the plaintiff attorney’s fees and costs pursuant to LSA-R.S. 23:1103.
Petrin cites LSA-C.C. arts. 2301, 2302 and 2304 for the proposition that one is obligated to restore that which he has unduly received. The five prerequisites necessary to support an action for unjust enrichment are (1) there must be enrichment; (2) there must be impoverishment; (3) there must be a causal relationship between the enrichment and the impoverishment; (4) there must be an absence of justification or cause for the enrichment or impoverishment; and (5) there must be no other remedy at law. Kirkpatrick v. Young, 456 So.2d 622 (La.1984); Ed-%uards v. Conforto, 615 So.2d 400 (La.App. 4th Cir.1993), affirmed, 636 So.2d 901 (La. 1993).
Because Hebert was not Petrin’s employee at the time of the accident, Petrin paid worker’s compensation benefits which it did not owe. By this action, Hebert was enriched, while Petrin was impoverished. Therefore, Petrin is entitled to recover the sum it paid to Hebert under the theory of unjust enrichment. Hebert’s contention that Petrin is precluded from recovery because the payments were made voluntarily and with full knowledge of the facts is without merit. During the period that Petrin paid the benefits, Hebert’s employment status at the time of the accident was uncertain.
For the foregoing reasons, we will amend the judgment of the trial court, in part, and affirm as amended. The judgment of the trial court states, in part:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of intervenor, Petrin Corporation and against plaintiff-defendant in intervention, Donald Hebert and defendants-defendants in intervention, Dwight Granier and Liberty Mutual Insurance Company, in solido in the principal sum of SIXTY-EIGHT THOUSAND EIGHT HUNDRED SEVENTY-SIX AND ¾ ($68,-876.28) DOLLARS plus legal interest thereon from the date of judicial demand, until paid, and for all costs of these proceedings. This amount represents the amount of $91,843.04 less $22,958.76 which is the reasonable attorney’s fees and costs of Donald Hebert in obtaining the said amount for the intervenor.
|5The foregoing portion of the judgment of the trial court is amended to state as follows;
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of intervenor, Petrin Corporation and against plaintiff-defendant in intervention, Donald Hebert and defendants-defendants in intervention, Dwight Granier and Liberty Mutual Insurance Company, in solido in the principal sum of $91,835.04 plus legal interest thereon from the date of judicial demand, until paid.
In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by the appellee, Donald Hebert.
AFFIRMED, AS AMENDED.
WATKINS, J., concurs.

. At trial, the parties stipulated that Petrin paid a total of $30,996.54 in weekly indemnity benefits and $60,838.50 in medical expenses to Hebert as of the date of the trial. Although $91,835.04 is the correct total of medical benefits and compensation payments made ($60,838.50 plus $30,-996.54), the judgment incorrectly refers to the amount as $91,843.04.