671 So.2d 904 (1996)
Donald HEBERT
v.
Joe JEFFREY, Jr., Venture Transport Company, Ranger Insurance Company, Thomas H. Gordon, Dwight J. Granier and Liberty Mutual Insurance Company.
No. 95-C-1851.
Supreme Court of Louisiana.
April 8, 1996.
James Harry Dupont, Dupont, Dupont & Dupont, Plaquemine, for Applicant.
Charles A. Schutte, Jr., Joseph W. Mengis, Guglielmo, Marks, Schutte, Terhveve & Love, Baton Rouge, for Respondent.
CALOGERO, Chief Justice.[*]
The principal issue in the case is whether the attorney and/or his successful client (in a *905 third party tort lawsuit) is entitled to a reasonable attorney's fee, pursuant to Moody v. Arabie[1] and/or La.Rev.Stat. 23:1103(C),[2] from the client's employer because of the employer's recovery in the same litigation of paid worker's compensation and medical benefits.
On February 5, 1991, plaintiff Donald Hebert, a guest passenger in a vehicle driven by Dwight Granier, was injured in an automobile accident. Plaintiff and Granier were Petrin Corporation employees en route to a Petrin job in Morgan City, Louisiana. On the morning of the accident, Granier had met plaintiff and two other employees at a designated place where he offered to drive them to the job in Morgan City. Granier was driving a Petrin vehicle at the time of the accident, which Petrin had insured through Liberty Mutual Insurance Company ("Liberty Mutual").
As Granier attempted to cross Highway 90, his vehicle was struck on the passenger side by a tractor-trailer driven by Thomas H. Gordon, owned by Joe Jeffrey, Jr., leased to Venture Transportation Company ("Venture"), and insured by Ranger Insurance Company ("Ranger"). As a result of the accident, Hebert suffered serious injuries. Petrin thereupon began paying Hebert benefits under the Louisiana Worker's Compensation Act.
Thereafter, Hebert filed suit against Gordon, Jeffrey, Venture, and Ranger, in addition to Granier, his driver and co-employee, and the vehicle's insurer Liberty Mutual, seeking to recover damages for injuries he had sustained in the accident. Gordon, Jeffrey, Venture, and Ranger filed a third party demand and cross-claim against Granier, Petrin, and Liberty Mutual. Granier and Liberty Mutual returned the favor by filing a cross-claim against Gordon, Jeffrey, Venture, and Ranger. Then, Petrin filed an intervention, seeking to recover the benefits it had paid to Hebert under the Louisiana Worker's Compensation Act pursuant to La.Rev.Stat. 23:1101. Those compensation benefits totaled $30,996.54 in weekly indemnity and $60,838.50 in medical expenses to the date of trial. In a subsequent amendment, Petrin repeated that it was entitled to recover worker's compensation payments made to Hebert, but in this instance alleged they were payments that it "did not owe" because it had no employment relationship with Hebert at the time of the accident.
Although Petrin was not sued directly, Liberty Mutual was, but in its capacity as the liability insurer of Granier, the Petrin employee driving the Petrin vehicle with permission. Liberty Mutual's policy presumably had a fellow employee exclusion or an exclusion for a Petrin employee claimant injured in the course and scope of his employment.
After a jury trial on the principal demand and incidental demands other than the intervention, the Twenty-Third Judicial District Court rendered judgment on the principal demand in favor of plaintiff and against defendants Granier and Liberty Mutual in the amount of $916,838.00, upon finding that defendant Granier was 100% at fault and that defendants Gordon, Jeffrey, Venture, and Ranger were neither at fault nor liable. After trial plaintiff filed a "Rule To Show Cause" to determine the amount of attorney's fees Petrin should be legally obligated to pay Hebert and his attorneys if Petrin recovers $91,835.04 on its intervention claim. The district court gave judgment for Petrin and against defendants Granier and Liberty Mutual and against plaintiff, but only for $68,876.28 which represents Petrin's *906 $91,843.04[3] paid compensation less $22,958.76, a reasonable twenty-five percent attorney's fee.
On appeal,[4] intervenor Petrin alleged that "its recovery is pursuant to the legal theory of unjust enrichment rather than worker's compensation law; therefore, the trial court erred in awarding Hebert attorney's fees and costs pursuant to LSA-R.S. 23:1103 [and, presumably, Moody v. Arable]," Hebert v. Jeffrey, 655 So.2d at 354. Accordingly, the court of appeal amended the district court's judgment to allow intervenor Petrin to recover the entire $91,835.04 paid to plaintiff in compensation, without any reduction for attorney's fees. Thereafter, this Court granted plaintiff's writ application.
In his application, plaintiff presents two assignments of error. First, plaintiff asserts that the court of appeal erred in "holding that the intervenor did not have to pay the necessary and reasonable cost of recovery of worker's compensation." Second, he contends that the court of appeal erroneously applied the "theory of unjust enrichment (a) by allowing the intervenor to recover workmen's compensation and medical benefits voluntarily paid ...; and (b) for not allowing recovery of reasonable and necessary costs and attorney's fees for the prosecution of intervenor's claim."
We granted writs primarily to address plaintiff's first complaint, that is whether the Moody v. Arable, 498 So.2d at 1081, allocation of attorney's fees applies in this case.
We will nonetheless first dispose of plaintiff's second assignment, first contention, that intervenor should be denied recovery of the entire $91,835.04. Plaintiff contends that an employer is not entitled to reimbursement for compensation voluntarily paid to an employee that was not legally due. Although Petrin voluntarily paid plaintiff compensation after his accident, the jury determined that plaintiff's accident did not occur A denial of Petrin's right to recover benefits paid in this situation would run counter to the policy behind the worker's compensation law which is to facilitate prompt payments to injured workers. The First Circuit Court of Appeal panel in Ledet v. Hogue, 540 So.2d 422 (La.App. 1st Cir. 1989), had it right. Hogue stated that the "underlying purpose of worker's compensation laws ... is to facilitate prompt payments to an injured worker" and a denial of a carrier's "right to intervene in this case would run counter to the above-stated policy for it would place the insurer in the precarious position of choosing between possible penalties for not paying compensation benefits later determined to be payable or paying benefits for which it was not liable and later not being able to recover those payments." Id. at 423. See also Elliott v. Glass, 615 So.2d 1354, 1358 (La.App. 2d Cir.1993); Mathews v. Louisiana Health Service & Indemnity Co., 471 So.2d 1199, 1203 (La.App. 3d Cir.1985); De Villier v. Highlands Insurance Co., 389 So.2d 1133, 1137 (La.App. 3d Cir.1980).
On the other hand, plaintiff's first assignment and second assignment, second contention, is his alternative argument designed to recover Moody v. Arable fees out of Petrin's 91,835.04 recovery. The district court effectively awarded a twenty-five percent reasonable attorney's fee, but the court of appeal reversed in this respect. This is the issue that attracted our attention and that will be the subject of the remainder of this opinion.
Plaintiff relies heavily on Moody and its progeny. This Court in Moody held that "[t]he employer or carrier may be charged with a proportionate share of the reasonable and necessary costs of recovery, including attorneys' fees, incurred by the injured worker *907 in the suit against the third person. 498 So.2d at 1083. In Moody, the plaintiff suffered a work related accident for which he received worker's compensation. Id. Plaintiff sued various third persons for damages because of his injuries. Id. at 1084. A jury found for plaintiff and a judgment for $60,000 was entered. Id. The judgment also recognized the compensation carrier's claim in the amount of $35,401.22. Id.
The Moody Court reasoned that "[w]hen an employer pays compensation to a worker who has been injured by the wrongful act of a third person, the employer and the worker become co-owners of a property right consisting of a right to recover damages from the third person ... The interests of co-owners do not represent distinct material units ... Each co-owner may force the other to contribute to the costs of maintenance and conservation of the common thing in proportion to their interests." Id. at 1085. Based on these principles, the court held that the necessary and reasonable costs of recovery are to be apportioned between the worker and the employer according to their interests in the recovery. Id. at 1086. An employer-intervenor who actively participates in the prosecution of the case will be credited accordingly. Denton v. Cormier, 556 So.2d 931, 936 (La.App. 3d Cir.1990).
"Implicit in the Moody v. Arabie holding is the concept that the intervenor who reaps the benefits of the plaintiff's attorney's efforts, should bear its proportionate part of a reasonable attorney's fee for those efforts." Taylor v. Production Services, Inc., 600 So.2d 63, 67 (La.1992). After all, "[t]he rationale given in Moody for creating the system of apportionment is that both a worker injured by a third party tortfeasor and an employer obligated to pay workers' compensation have a property right to recover damages from the defendant." Labiche v. Legal Security Life Insurance Co., 31 F.3d 350, 354 (5th Cir.1994) (citing Moody, 498 So.2d at 1084-85).
More recently, this Court in Barreca v. Cobb, 95-1651 (La. 2/28/96), 668 So.2d 1129, extended the Moody rule beyond the workers compensation arena. In Barreca, after plaintiff filed suit against the tortfeasor, his insurer, Blue Cross, chose not to intervene. Id. In Barreca, the issue was whether the health insurer, pursuant to a clause in its policy with plaintiff, is entitled to full reimbursement for medical expenses it paid on plaintiff's behalf or whether the plaintiff is entitled to deduct a proportionate share of the attorney fees from that amount. Id. at 1130.
Applying the Moody rationale to the Barreca subrogation situation, this Court held "that an insurer who has notice of the insured's claim but fails to bring its own action or to intervene in plaintiff's action will be assessed a proportionate share of the recovery costs incurred by the insured, including reasonable attorney's fees." Id. at 1132.
In sum, the Moody principles are based on fairness and equity. The motivation behind Moody is "to correct an injustice whereby the injured employee bore the full expense of tort recovery while the compensation carrier or its insured reaped the benefits." Labiche v. Legal Security Life Insurance Co., 832 F.Supp. 175, 178 (E.D.La.1993), aff'd, 31 F.3d 350. Although we were willing to extend Moody to subrogation in Barreca, we do not feel the same about extending Moody in this case where the intervenor-employer is essentially an adversary of the plaintiff and plaintiff's lawyer.
More specifically, this is not the traditional third party tort claim where plaintiff, seeking a full damages judgment, and his employer, seeking to recover compensation paid, join forces to recover from a stranger/tortfeasor. Rather, this case is more complicated. Plaintiff, a Petrin employee, is seeking a tort judgment against another Petrin employee whose liability is insured by Petrin's insurer, Liberty Mutual, because of insurance premiums paid to Liberty Mutual by Petrin. In fact, plaintiff, a Petrin employee, can only recover in tort from defendant Granier, his co-employee, and Liberty Mutual, his employer's insurer, if he proves that he was not in the course and scope of his employment. Plaintiff's position is at odds with that of Petrin who filed an intervention asserting that it had a right to recover compensation paid plaintiff because plaintiff was in *908 the course and scope of his employment at the time of the accident.
Furthermore, something is just not right about plaintiff first asserting and proving that he was not in the course and scope of employment so that he can recover his full tort damages, $916,838.00, and then allowing plaintiff to turn around and rely on worker's compensation law in order to recover attorney's fees on the employer's intervention. Plaintiff simply can not have it both ways.
Finally, intervenor Petrin, self-insured for worker's compensation, voluntarily paid the compensation that the law encourages it to pay, and simultaneously, through payment of automobile liability insurance premiums, provided the very insurance pot which has facilitated plaintiff's recovery of full tort damages.
We therefore find it unnecessary to consider whether unjust enrichment, the legal theory on which the court of appeal relied to deny the attorney's fees, may constitute an alternate basis for allowing Petrin to recover the entire $91,835.04 without reduction for plaintiff's attorney's fees. Even though a compensation intervenor can get back compensation voluntarily paid, notwithstanding that it is later proved claimant was not in the course and scope of employment, Hogue, 540 So.2d at 425, we refuse to extend Moody v. Arable, for to do so would result in the plaintiff recovering worker's compensation from his employer, full tort damages from his employer's automobile liability insurer, and attorney's fees from that same employer incident to the employer's recovery of the compensation it paid to the plaintiff.

DECREE
For the foregoing reasons we affirm the court of appeal which amended the district court's judgment and deleted Petrin's obligation to bear the expense of $22,958.76 in attorney's fees.

AFFIRMED.
WATSON, J., dissents.
NOTES
[*] Because of the vacancy created by the resignation of Dennis, J., now a judge on the United States Court of Appeals for the Fifth Circuit, there was no justice designated "not on panel" under Rule IV, Part II, § 3. Panel included Chief Justice Calogero and Justices Marcus, Watson, Lemmon, Kimball, Johnson and Victory.
[1] 498 So.2d 1081 (La.1986).
[2] If either the employer or employee intervenes in the third party suit filed by the other, the intervenor shall only be responsible for reasonable legal fees and costs incurred by the attorney retained by the plaintiff. Such reasonable legal fees shall not exceed one third of the intervenor's recovery for pre-judgment payments or pre-judgment damages. The employee as intervenor shall not be responsible for the employer's attorney fees attributable to post-judgment damages nor will the employer as intervenor be responsible for the attorney fees attributable to the credit given to the employer under Paragraph a of this Section. La.Rev.Stat 23:1103(C).
[3] Although $91,835.04 is the correct total of medical benefits and compensation payments made, the district court's judgment erroneously refers to the amount as $91,843.04. Hebert v. Jeffrey, 655 So.2d 353, 354 n. 3 (La.App. 1st Cir.1995).
[4] The court of appeal rendered two separate judgments in this case. We are only concerned with Hebert v. Jeffrey, 94-1570 (La.App. 1st Cir. 4/7/95), 655 So.2d 353, 354, writ granted, 95-1851 (La. 11/13/95), 662 So.2d 456. The earlier decision, Hebert v. Jeffrey, 94-1230 (La.App. 1st Cir. 4/7/95), 653 So.2d 842, focused on whether plaintiff was in the course and scope of his employment, and finding that he was not, affirmed the $916,838.00 judgment.