h DOUCET, Chief Judge.
Defendant, City of St. Martinville (the City), appeals a judgment by the district court, in favor of plaintiff, Officer Judy Hedgcoth, an employee of defendant’s police department, ordering the City to pay a percentage of certain expenses and a portion of her attorney’s fees in a tort suit filed by Officer Judy Hedgcoth against a fellow officer, Robert Savoy, and the City. Plaintiff answers the appeal seeking an increase in general damages awarded by the trial court. *237 We reverse the judgment against the City for attorney’s fees and dismiss plaintiffs, Hedgeo.th’s, answer to the appeal.
IzFACTS
This case arises out of an incident which took place in the early morning hours of December 11, 1990, at the St. Martinville Police Station. Plaintiff, Officer Judy Hedgcoth, was working the late shift, when a fellow officer, Robert Savoy, who was not on duty, intoxicated and accompanied by an off-duty dispatcher, entered the building. Shortly thereafter, Officers Hedgcoth and Savoy became embroiled in a heated altercation during which Officer Savoy allegedly physically assailed plaintiff.
As a result of injuries allegedly sustained in the altercation, the City paid Officer Hedgcoth $21,969.40 in workers’ compensation benefits.
On December 4, 1991, Ms. Hedgcoth filed the instant tort suit naming the City and Robert Savoy as defendants. The City answered her suit pleading all affirmative defenses enumerated in La.Code Civ.P. art. 1005, La.R.S. 13:5106, and any others recognized by our jurisprudence.
Trial of the matter was held on September 26, 1995. Thereafter, on October 28, 1995, the trial judge issued a written judgment which awarded Ms. Hedgcoth $14,343.71 in medical expenses, $11,416.52 in lost earnings, and $12,000.00 in general damages. The City was given credit for sums paid Ms. Hedgcoth pursuant to the workers’ compensation statutes, resulting in a net judgment to Ms. Hedgcoth of $15,790.83 plus interest, costs and expert fees. Notice of the judgment was mailed to all parties on October 30, 1992.
On November 6, 1995, plaintiff filed a document entitled “PARTIAL MOTION FOR NEW TRIAL AND/OR POST TRIAL MOTION FOR ATTORNEY’S FEES AND COSTS.” Said motion requested that the City “be ordered to pay their | gproportionate share of attorney’s fees and costs for the intervention which was credited against the Judgment by ... [the trial court] pursuant to L.R.S. 23:1103[sie] and Louisiana jurisprudence.” The motion was granted and the matter was heard May 24,1996. Thereafter, on July 22, 1996, the trial judge issued a written judgment awarding plaintiff “an amount equal to one-third (1/3) of the amount of the 58% credit that was given the CITY OF ST. MARTINVILLE POLICE DEPARTMENT [sic] in the tort suit as attorney’s fees together with legal interest on these amounts from the date of the original judgment rendered herein and all costs of this rule.” This appeal followed.
LAW AND DISCUSSION
PLAINTIFF’S ANSWER TO APPEAL
Plaintiff, Judy Hedgcoth, answered defendant’s appeal seeking an increase in the general damage award made by the trial court. La.Code Civ.P. art. 2133 provides in pertinent part as follows:
A. An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court. If an appellee files such an answer, all other parties to the incidental demand may file similar answers within fifteen days of the appellee’s action.
Defendant appealed a judgment of the trial court which was rendered in response to plaintiffs motion for a partial new trial and/or for the setting of attorney’s fees and costs. That motion neither sought a new trial on nor even mentioned the issue of | .(damages. Damages were awarded plaintiff in a judgment signed October 28, 1995. Therefore, if plaintiff was dissatisfied with the general damages she was awarded by the *238 trial court, she was constrained to seek redress via an appeal.
La.Code Civ.P. art.1974, which governs the delay applying for a new trial, states the following:
The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.
La.Code Civ.P. art.2087, which governs the delay permissible in seeking a devolutive appeal, provides in pertinent part as follows:
A. Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Auricle 1974 and Article 1811, if no application has been filed timely.
(2) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.
In accordance with the two articles of the Code of Civil Procedure quoted above, if plaintiff was not satisfied with the general damages awarded by the trial court, she had until November 7, 1992, to seek a new trial on that issue and until January 6, 1993, at the latest, to file for a devolutive appeal on the damage issue. She cannot use defendant’s appeal of the judgment rendered against it on July 22, 1996, to now seek Isreview of an issue which was not before the trial court at the hearing which led to that judgment. Accordingly, plaintiffs answer to appeal is dismissed as not properly being before the court.
DEFENDANT’S APPEAL
The City appeals a judgment of the trial court arguing the trial court erred in condemning it to pay a portion of plaintiffs costs and attorney’s fees under La.R.S. 23:1103 and Moody v. Arabie, 498 So.2d 1081 (La.1986). The City bases its argument on the recent Louisiana Supreme Court case captioned Degruise v. Houma Courier Newspaper Corp., 95-1863, 95-2675 (La.11/25/96); 683 So.2d 689. For the following reasons we find the City’s reliance well placed.
In Degruise, plaintiff, Floyd Degruise, was injured in an automobile accident while driving a vehicle owned by his employer, South Louisiana Electric Cooperative Association (SLECA). Federated Rural Electric Insurance Corporation (Federated) provided both workers’ compensation and automobile liability insurance coverage to SLECA Degruise filed suit against SLECA, Federated, as SLECA’s U.M. carrier, and others. Federated, as SLECA’s workers’ compensation carrier intervened in the suit seeking to recover the workers’ compensation benefits it had paid plaintiff and on plaintiff’s behalf. Degruise filed a motion seeking to have a portion of his attorney’s fees paid under La. R.S. 23:1103 and Moody, 498 So.2d 1081. The trial court denied plaintiff’s motion but, on appeal, the first circuit reversed that ruling. Federated then sought writs on the issue. The supreme court, in deciding the issue, stated as follows:
The last issue for consideration is whether the appellate court erred in ordering Federated, as worker’s compensation carrier, to pay a portion of the attorney fees incurred by plaintiff in its suit against Federated, as the UM carrier, under LSA-R.S. 23:1103.
| ;;LSA-R.S. 23:1103, which became effective on January 1, 1990, provides, in pertinent part, as follows:
A. (1) In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the em *239 ployer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; ....
C. If either the employer or employee intervenes in the third party suit filed by the other, the intervenor shall only be responsible for reasonable legal fees and costs incurred by the attorney retained by the plaintiff. Such reasonable legal fees shall not exceed one third of the intervenor’s recovery for pre-judgment payments or pre-judgment damages. The employee as intervenor shall not be responsible for the employer’s attorney fees attributable to post-judgment damages nor will the employer as intervenor be responsible for the attorney fees attributable to the credit given to the employer under Paragraph A of this Section.
This section was a codification of the doctrine enunciated by this Court in Moody v. Arabie, supra, wherein we held that the plaintiff and the intervenor compensation insurer were co-owners of the right to recover damages from the third party and that the co-owners were obligated to bear their proportionate share of the reasonable attorney fees, according to their interests in the recovery. 498 So.2d at 1085.
The appellate court held that, for the purposes of the application of this rule, “[i]t is of no moment that, through mere coincidence, Federated was the worker’s compensation insurer as well as the insurer.” 694 So.2d 273, 277. The appellate court found that because Federated, as the UM carrier, was legally liable to pay an employee damages because of his injury and was not included in the list of persons excluded from the category of “third persons” under LSA-R.S. 23:1032, that Federated, as worker’s compensation carrier, was entitled to be reimbursed for its compensation outlay from such “third person.” Id. However, as worker’s compensation carrier, Federated was also liable for attorney fees incurred by plaintiffs in bringing suit against Federated, as UM carrier. Id. This holding is erroneous.
The facts of this case are similar to a case recently decided by this Court. In Hebert v. Jeffrey, 95-1851 (La.4/8/96), 671 So.2d 904, the plaintiff sued his co-employee and his employer’s liability insurer in tort. |7The plaintiffs employer, self-insured for worker’s compensation, simultaneously paid worker’s compensation to its injured employee and automobile liability premiums to the liability insurer. The employer intervened in the suit seeking to recover the worker’s compensation benefits it had paid to the plaintiff. The trial court rendered a judgment in favor of the employer but deducted a 25% attorney fee under Moody. The appellate court reversed and awarded the compensation paid without a deduction for attorney fees. We affirmed the appellate court’s ruling because unlike Moody, the employer and plaintiff in Hebert were adversaries asserting adverse legal positions and because the employer, “self-insured for worker’s compensation, voluntarily paid the compensation that the law encourages it to pay, and simultaneously, though payment of automobile liability insurance premiums, provided the very insurance pot which has facilitated plaintiffs recovery of full tort damages.” 671 So.2d at 908.
Likewise, for the same reasons expressed in Hebert, we refuse to extend the Moody doctrine to force a worker’s compensation carrier to pay a portion of plaintiffs’ legal fees under LSA-R.S. 23:1103 where the worker’s compensation carrier and UM carrier are the same and the UM carrier is the only viable defendant in the case. That Federated and plaintiffs were adversaries is evident by the actions taken by Federated, as worker’s compensation carrier, in joining Federated’s, as UM carrier, motions for summary judgment on the limits of the UM and umbrella policies, and the fact that the trial judge severed Federated’s intervention from the plaintiffs’ main demand upon plaintiffs’ motion. More importantly, Federated provided the funds from which plaintiffs were seeking general damages. Therefore, the appellate court’s ruling is reversed and Federated is not required to pay a portion of the plain *240 tiffs’ attorney fees under LSA-R.S. 23:1103.
Degruise, 95-1863, 95-2675, pp. 10-13; 683 So.2d at 695, 696 (footnotes omitted).
In the case sub judice, the City was similarly situated to the position of Federated in Degruise. The City provided workers’ compensation benefits to plaintiff and, based upon the theory of respondeat superior, was vicariously liable for the acts of its employee, Robert. Savoy. Thus City funds made up the only pot of funds available from which plaintiff could recover. For the reasons expressed in Hebert and Degruise, we refuse to extend the Moody doctrine to this situation, i.e., where the provider of workers’ compensation benefits is also hable for tort damages.
| gAccordingly, for the reasons stated above, the judgment of the trial court casting the City of St. Martinville with a portion of Judy Hedgcoth’s expenses of litigation and attorney’s fees is reversed and set aside. Ms. Hedgcoth’s answer to appeal is dismissed. All costs of this appeal and those costs in the trial court attributable to the motion which was the subject of this appeal are east against plaintiff, Judy Hedgcoth.
REVERSED.