980 So.2d 130 (2008)
LOUISIANA WORKERS' COMPENSATION CORPORATION
v.
NATIONAL SERVICE INDUSTRIES, INC. OF CALIFORNIA, National Linen and Uniform Services, LLC, Scott Cassanova and American Home Assurance Company.
No. 2007-CA-1089.
Court of Appeal of Louisiana, Fourth Circuit.
March 5, 2008.
*131 Musa Rahman, Johnson, Stiltner & Rahman, Baton Rouge, LA, for Plaintiff/Appellant.
George J. Nally, Jr., Rebecca Davis, Nalley & Dew, A PLC Metairie, LA, for Defendant/Appellee.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY, Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
Plaintiff, The Louisiana Workers' Compensation Corporation ("LWCC"), appeals the judgment of the district court granting summary judgment to Defendants, National Service Industries, Inc. of California, National Linen and Uniform Services, LLC, Scott Casanova, and American Home Insurance Company (sometimes hereinafter collectively referred to as "Defendants"). For the reasons more fully set forth below, we affirm.
Relevant Facts
This lawsuit arose out of an automobile accident that occurred on or about July 26, 2005, on Interstate 10 in Metairie, Louisiana, when Scott Casanova, an employee of National Linen and Uniform Services, LLC, rear-ended the car in front of him causing a multi-car collision. Victor Saraceno, a fifty-eight year old electrical engineer employed by Davies Engineering, was fatally injured as a result of the accident. Two weeks after his death, Mr. Saraceno's son-in-law, Mr. Peter Scalfani, filed a claim for death benefits under a workers' compensation insurance policy Mr. Saraceno had obtained in 1993 when he was working as an independent contractor. For unknown reasons, Mr. Saraceno had continued to pay the premiums on this policy up until the time of his death, despite the fact that his employer, Davies Engineering, provided him with workers' compensation insurance coverage as part of his employee benefits package.
According to the deposition testimony of Mr. Saraceno's employer, on the day of the accident, Mr. Saraceno came to work, as usual, and met with a client to turn over a project that he had completed. After this meeting, Mr. Saraceno, his supervisor, and the client, spontaneously decided to go to lunch. Afterward, Mr. Saraceno returned to the office. Having completed the project he was working on, Mr. Saraceno decided to leave the office early that day. No one knows where he went from the time he left work until the time that the fatal accident occurred at 5:45 that evening.
After a cursory investigation conducted by LWCC's adjuster, Andrew Davis, LWCC concluded that Mr. Saraceno was in the course and scope of his employment as an independent contractor at the time of the fatal accident and that death benefits should be made payable to Mr. Saraceno's only living dependent, his eighty-four year-old mother, Bessie Saraceno. LWCC's conclusion that benefits were payable under the policy was based on information allegedly gleaned from conversations with Mr. Scalfani and Mr. Gary Laiche, Mr. Saraceno's supervisor at Davies *132 Engineering, that Mr. Saraceno was paid hourly and had a flexible schedule. After LWCC paid the death benefits to the decedent's mother, it brought suit against Defendants to recover the payments made.
Trial Court and Arguments on Appeal
Defendants filed a motion for summary judgment, which the trial court granted, on the basis that LWCC paid the death benefits in error as Mr. Saraceno was not in the course and scope of his employment at the time of the accident. The court further found that LWCC was not entitled to pursue a lawsuit against the Defendants for benefits it erroneously paid to Mrs. Saraceno.
Plaintiff now appeals the trial court judgment, arguing that the trial court erred in granting summary judgment to the Defendants since there are genuine issues of material fact as to whether Mr. Saraceno was in the course and scope of his employment as an independent contractor at the time of the accident. LWCC further argues that regardless of whether it paid the death benefits to Mrs. Saraceno in error, it is still entitled to recover the benefits it voluntarily paid.
Law and Discussion
Under the Workers' Compensation Act, employers are responsible for compensation benefits to employees or their dependent survivors only when the injury results from an accident "arising out of and in the course of his employment." LSA-R.S. 23:1031; O'Regan v. Preferred Enterprises, Inc., 98-1602 (La.3/17/00), 758 So.2d 124; Mundy v. Department of Health and Human Resources, 593 So.2d 346 (La. 1992). Additionally, Louisiana Revised Statute 23:1101 allows the employer or employee to seek redress, in the form of reimbursement of benefits paid, from the third person who caused the employee's work-related injury. See Roche v. Big Moose Oil Field Truck Service, 381 So.2d 396 (La.1980). § 23:1101 provides:
A. When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as "third person") other than those persons against whom the said employee's rights and remedies are limited in R.S. 23:1032, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of damages for the claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.
B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit in district court against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents. The recovery allowed herein shall be identical in percentage to the recovery of the employee or his dependents against the third person, and where the recovery of the employee is decreased as a result of comparative negligence, the recovery of the person who has paid compensation or has become obligated to pay compensation shall be reduced by the same percentage. The amount of any credit due the employer may be set in the judgment of the district court if agreed to by *133 the parties; otherwise, it will be determined pursuant to the provisions of R.S. 23:1102(A).
C. For purposes of this Section, "third person" shall include any party who causes injury to an employee at the time of his employment or at any time thereafter provided the employer is obligated to pay benefits under this Chapter because the injury by the third party has aggravated the employment related injury
Therefore, pursuant to § 23:1101, in order for LWCC to bring an action against Defendants for indemnification, Mr. Saraceno's fatal injury must have occurred while he was in the course and scope of his employment as an independent contractor.
In this case, the trial court found no support for LWCC's contention that it is entitled to recover the benefits it paid to Mrs. Saraceno from the Defendants pursuant to § 23:1101, finding that Mr. Saraceno's fatal accident did not occur in the course and scope of his employment as an independent contractor. Accordingly, the trial court granted Defendant's Motion for Summary Judgment.
A judgment granting a motion for summary judgment is reviewed de novo using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Champagne v. Ward, 03-3211, p. 4 (La.1/19/05), 893 So.2d 773, 776. Initially, the movant bears the burden of proof. La.Code Civ. Proc. art. 966(C)(2). If the movant successfully meets this burden, then the burden shifts to the other party to present factual support adequate to establish that he/she will be able to satisfy the evidentiary burden at trial. Richard v. Hall, 03-1488, p. 5 (La.4/23/04), 874 So.2d 131, 137. If the other party fails to meet this burden, there is no genuine issue of material fact, and the movant is entitled to summary judgment as a matter of law. Id.
LWCC contends that a genuine issue of material fact exists as to whether Mr. Saraceno was an independent contractor or an employee of Davis Engineering at the time of the fatal accident. LWCC bases this argument on the fact that Mr. Scalfani, Mr. Saraceno's son-in-law, allegedly told LWCC's claims adjuster that he believed that Mr. Saraceno was an independent contractor. LWCC also points to information allegedly gleaned from conversations with Mr. Saraceno's supervisor at Davies that Mr. Saraceno was paid hourly, had a flexible schedule, and may have brought work home on occasion, to show that Mr. Saraceno was an independent contractor at the time of the fatal accident. However, at no time did LWCC come forth with any documentation or evidence to corroborate its contention. In fact, in determining whether death benefits were payable to Mr. Saraceno's dependent mother, LWCC's adjuster relied only on the unsubstantiated word of Mr. Scalfani rather than requesting pay stubs, Mr. Saraceno's employment contract, tax forms, or any other documentation that Davies may have had that would have been determinative in assessing Mr. Saraceno's employment status.
The evidence in the record clearly indicates there is no genuine issue of material fact that Mr. Saraceno was a full-time employee of Davies Engineering, and not an independent contractor, at the time of his death. Both Mr. Saraceno's employer and supervisor testified that Mr. Saraceno was a full-time professional engineer at Davies Engineering. Mr. Saraceno was provided with an employee benefits package that included workers' compensation insurance. The fact that he was paid hourly, had flexibility in his schedule, or *134 may have brought files home in the past is irrelevant to his employment status. Neither this information nor the fact that Mr. Scalfani believed that his father in law was an independent contractor is enough to create a factual dispute as to Mr. Saraceno's status. Hence, the trial court was correct in finding that there was no genuine issue of material fact as to this issue.
LWCC next argues that there summary judgment was inappropriate in this case because there is a genuine issue of material fact as to whether benefits were payable because Mr. Saraceno was in the course and scope of his employment at the time of the fatal accident. LWCC argues that Mr. Saraceno was in the course and scope of his employment when he was killed, presumably on his way home, pursuant to the "special mission" exception created by McLin v. Industrial Specialty Contractors, Inc., 02-1539 (La.7/02/03), 851 So.2d 1135.
Generally, injuries sustained by an employee while traveling to and from work are not considered to have occurred within the course and scope of his employment, and thus, are not compensable under the Workers' Compensation Act. Stephens v. Justiss-Mears Oil Co., 312 So.2d 293 (La. 1975); W. Malone & H. Johnson, 13 Louisiana Civil Law Treatise-Workers Compensation § 168 (4th ed.2002). However, in McLin, the Louisiana Supreme Court held that an employee traveling to or from work may be considered to be in the course and scope of his employment if it is found that he was engaged in a "special mission" for his employer at the time of the accident. The McLin Court held that because the employee was required by his employer to attend an after-hours off-site safety meeting which directly benefited his employer, he was still in the course and scope of his employment when he was injured in a car accident on the way home from the meeting. Id. pp. 8-9, 851 So.2d at 1142-43. Here, based on McLin, LWCC argues that because Mr. Saraceno went on a business lunch on the day of the accident, he was still on the special mission for his employer when he was killed on his way home later that evening.
Plaintiff's argument that Mr. Saraceno was on a "special mission" for Davies Engineering is unpersuasive. Even if Mr. Saraceno was obligated to attend the lunch with his supervisor and the client, the "special mission," if there was one, ended when Mr. Saraceno returned to the office after the lunch. According to McLin, "the employee remains within the scope of employment from the moment the employee leaves home or work until he returns either to the regular premises or to the employee's home.") (emphasis added). McLin, p. 10, 851 So.2d at 1143. Therefore, when Mr. Saraceno was killed on 10 much later in that evening, he was no longer in the course and scope of his employment.
In the alternative, LWCC argues that even if Mr. Saraceno was not an independent contractor and even if his death did not occur while he was in the course and scope of his employment, it is still entitled to recover the death benefits it erroneously paid to Mrs. Saraceno pursuant to Hebert v. Jeffrey, 95-1851 (La.4/8/96), 671 So.2d 904, wherein the Louisiana Supreme Court affirmed the First Circuit Court of Appeal's judgment allowing an employer, under a theory of unjust enrichment, to recoup workers' compensation benefits it had voluntarily paid to an employee even though it was later determined that the employee was not in the course and scope of his employment at the time of the injury
In affirming the First Circuit, the Louisiana Supreme Court stated that it was concerned with protecting the policy behind *135 the workers' compensation law, which is to facilitate prompt payments to injured workers. The Hebert court cited the Louisiana First Circuit's decision in Ledet v. Hogue, 540 So.2d 422 (La.App. 1 Cir.1989), which held that a "denial of a carrier's right to intervene in the case would run counter to the policy of prompt payment since it would place the insurer in the precarious position of choosing between possible penalties for not paying compensation benefits later determined to be payable or paying benefits for which it was not liable and later not being able to recover those payments." Hebert, 95-1851 at p. 4, 671 So.2d at 906 (citing Ledet, 540 So.2d at 423). Therefore, the First Circuit held that the employer could intervene in the case and recover the benefits it erroneously paid under the Workers' Compensation Act.
The trial court found that Hebert is not controlling under the circumstances of this case. We agree. Hebert only stands for the position that an employer should be allowed to intervene in the employee's suit against the third-party tortfeasor to recover benefits it voluntarily paid the injured employee. It does not hold that a workers' compensation insurer may directly sue a third-party tortfeasor to recover benefits it erroneously paid after the deceased employee's family has already settled with the third-party.
Moreover, the case at hand is distinguishable from Hebert in that the insurance policy under which Mr. Scalfani applied for death benefits was not even applicable, since Mr. Saraceno was not an independent contractor. Moreover, in this case, the policy of prompt payment is not affected, since Mr. Saraceno was covered under another policy, provided by his employer, which was applicable to any claim by his surviving dependent for workers' compensation benefits. It was Davies' insurance carrier, rather than LWCC, that was in the precarious position of deciding whether the fatal injury was compensable. And, after investigating the claim, Davies's workers' compensation insurer determined that no benefits were due since the Mr. Saraceno's death did not occur while he was in the course and scope of his employment.
LWCC's decision to pay benefits was based on a brief and incomplete investigation of the claim and the uncorroborated assertions of Mr. Saraceno's son-in-law. Had LWCC conducted a more thorough investigation, it could have easily determined that the independent contractor workers' compensation policy under which Mr. Scalfani applied for benefits was not applicable since Mr. Saraceno was a fulltime employee of Davies Engineering, and he was covered under a workers' compensation policy provided by Davies. Further, had LWCC dug a bit deeper into the facts of the accident, it could have easily determined that Mr. Saraceno was not in the course and scope of his employment at the time of the accident. LWCC should not be allowed to recover benefits it paid wrongfully due to its own carelessness. As the tortfeasors in this case, Defendants have already settled with Mr. Saraceno's family. Any recovery of the benefits paid erroneously would have to come from a claim against the party wrongfully paid under a theory of unjust enrichment.
Decree
After a de novo review of the evidence considered by the trial court in determining whether summary judgment was warranted, we find that the trial court was correct in granting summary judgment to the Defendants. LWCC has no right to recover from Defendants the benefits it erroneously paid due it its own carelessness. LWCC's loss did not result from the negligence of the defendants, but *136 instead from making a voluntary payment to Mrs. Saraceno when it clearly had no obligation to do so. There is no genuine issue of material fact that at the time of the fatal accident, Mr. Saraceno was a fulltime employee of Davies Engineering, he was not in the course and scope of his employment, and he was currently covered by another policy of workers' compensation insurance. Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed to LWCC.
AFFIRMED.