It ARMSTRONG, Judge.
This is an appeal from a judgment sustaining an exception of no cause of action. Under the substantive law applicable, it is possible that the appellants could recover under the allegations of their petition, if those allegations are ultimately proven. Thus, because the allegations of the petition must be taken as true when deciding an exception of *1063 no cause of action, we must reverse and remand.
Appellant Ellvog, Inc. operated a uniform shop next door to a property owned by the Schnadelbachs. A fire started in the Schna-delbach’s property and spread to and damaged Ellvog’s uniform shop. Ellvog sued the Schnadelbachs in tort.
Ellvog allegedly suffered over $800,000 in damages due to the fire. Ellvog’s fire insurer, State Farm Fire & Casualty Co., paid Ellvog its policy limit of $167,000.00. As a result, State Farm became subrogated to $167,000.00 of Ellvog’s claim against the Schnadelbachs. State Farm sued the Schna-delbachs in tort to recover the $167,000.00 it had paid to Ellvog.
RSome time later, State Farm settled its suit against the Schnadelbachs for $100,-000.00. So far as the briefs reveal, Ellvog did not settle with the Schnadelbachs and Ellvog’s suit remains pending.
Ellvog and State Farm were represented by separate counsel in their respective suits against the Schnadelbachs. State Farm moved to transfer its suit to the same section as Ellvog’s suit and to consolidate its suit with Ellvog’s. Apparently, that motion never was ruled upon. State Farm then intervened in Ellvog’s suit. Although these procedural details are not critical, it is of some significance that both Ellvog and State Farm were suing the same defendants (the Schnadel-bachs), at the same time, for the same tort (the fire). Thus, it is to be expected that the same evidence and law would be important as to each of their respective claims.
After State Farm settled with the Schna-delbachs for $100,000.00 counsel for Ellvog and Ellvog filed a petition for intervention seeking attorney’s fees and costs from State Farm out of the $100,000.00 settlement State Farm made with the Schnadelbachs. State Farm filed an exception of no cause of action which the trial court sustained. Ellvog’s counsel and Ellvog brought the present appeal from that judgment of the trial court.
The theory of Ellvog and Ellvog’s counsel is that State Farm “rode the coat tails” of Ellvog’s counsel. They allege that Ellvog’s counsel did a great deal of work on the ease, the results of which were shared with State Farm’s counsel to aid State Farm’s subrogation claim, and that State Farm’s counsel did not take an active role in the litigation. More specifically, Ellvog and its counsel allege that State Farm’s counsel “received substantial assistance from [Ellvog’s] counsel including but not limited to information and research about the case, all of which ^previously had been developed by [Ellvog’s] counsel, expert reports, names and addresses of the defendants and the complete theory of liability in the case.” Ellvog and its counsel allege that all of this was done pursuant to conversations and other communications between Ellvog’s counsel and State Farm’s counsel. And, Ellvog and its counsel allege that, as a result of its access to the work product of Ellvog’s counsel, State Farm was able to obtain the $100,000.00 settlement from the Schnadelbachs.
We must, in reviewing a dismissal based upon an exception of no cause of action, assume, without deciding that all of the factual allegations of Ellvog and its counsel are true. And, we must construe the allegations of Ellvog and its counsel reasonably so as to afford them their day in court. Kuebler v. Martin, 578 So.2d 113, 114 (La.1991); Darville v. Texaco, 447 So.2d 473, 475 (La.1984), cert, denied, 459 U.S. 969, 103 S.Ct. 298, 74 L.Ed.2d 280 (1982).
Ellvog and its counsel rely upon the Supreme Court’s decision in Moody v.' Arable, 498 So.2d 1081 (La.1987). In that case, a worker was injured on the job by a third-party tortfeasor. The worker received worker’s compensation benefits from his employer. The worker also sued the third-party tortfeasor. The employer intervened in that suit, seeking to recover, from the third-party tortfeasor, the worker’s compensation benefits it had paid to the plaintiff worker. The plaintiff worker prevailed at trial and it also was held that the employer should be reimbursed for the worker’s compensation benefits paid with such reimbursement coming out of plaintiff worker’s judgment.
The issue decided by the Supreme Court in Moody was whether the reimbursement given to the employer should be reduced by a *1064 portion of the legal fees incurred by the plaintiff worker in obtaining the judgment against the third-|party4 tortfeasor. In other words, did the employer, in order to be entitled to reimbursement for Worker’s Compensation benefits paid, have to bear a portion of the cost of obtaining the judgment from which the reimbursement would be paid. The Supreme Court held that the employer did have to so bear a portion of the cost (i.e. legal fees and other expenses of the plaintiff worker).
In the present ease, Ellvog would be analogous to the employer and the Schnadelbaehs would be analogous to the third-party tortfeasor. Thus, applying Moody by analogy, State Farm ought to bear part of the costs incurred by Ellvog (attorneys fees and expenses) that enabled State Farm to recover $100,000.00 reimbursement of its $167,-000.00 fire insurance payment. Of course, the present case is in a somewhat different procedural stance than Moody because State Farm settled with the Schnadelbaehs before Ellvog ever went to trial against (or settled with) the Schnadelbaehs. However, we believe that the different procedural stance is of no consequence because the basic point of Moody is simply that the subrogated party (whether employer or insurer) should not obtain a “free ride” on the litigation efforts of the plaintiff and, instead, should bear a portion of the plaintiffs legal fees and other costs. Because the plaintiffs expenditure of those legal fees and costs has made it possible for the subrogated party to recover, it is fair that the subrogated party should bear some of those legal fees and costs out of its recovery.
State Farm argues that Moody was a worker’s compensation ease and that the rule in Moody should apply only in worker’s compensation eases and not in other subrogation cases. This very argument was advanced by a subrogated medical insurer in Labiche v. Legal Security Life Ins. Co., 31 F.3d 350 (5th Cir.1994) (applying Louisiana law). The La-biche court, in a careful analysis of ^Louisiana law, held that Moody was not limited to the Worker’s Compensation setting. Instead, the Labiche court held that Moody applied to subrogation cases generally-
Legal Security does not argue that the district court erred in applying the formula, but that the district court should not have apportioned the recovery costs at all. It argues that Moody was worker’s compensation case and its holding was limited to cases in which an employee and employer jointly own the right to receive compensation from a third-party tortfeasor. The Louisiana Supreme Court has not ruled on whether Moody is limited to the worker’s compensation setting, so we are constrained to make an “Eñe guess” on how that court would rule.
Moody says that “[wjhen an employer pays compensation to a worker who has been injured by the wrongful act of a third person, the employer and the worker become co-owners of a property right consisting of a right to recover damages from a third person.” Id. at 1085. The Moody court did not explain how it reached the conclusion that the employer and the employee are co-owners of the cause of action against the tortfeasor, but it has long been recognized under Louisiana law that an employer who pays compensation benefits to an injured employee is subrogated by operation of law to the employee’s rights against the third-party tortfeasor. See LA. CIVIL CODE ANN. art. 1829 comment (e); La.R.S. 23:1101; Chase v. Dunbar, 185 So.2d 563, 571 (La.App. 1st Cir.), writ refused, 249 La. 572, 573 and 574,187 So.2d 738 and 739 (La.1966).
The employer may recover from the tortfeasor only to the extent of the compensation it has paid or has become obliged to pay, so the subrogation is partial as opposed to total. LA.CIVIL CODE ANN. art. 1830; La.R.S. 23:1101. One Louisiana intermediate appellate court explicitly cited Moody for the proposition that “[w]here the subrogation is partial, and the thing involved is a cause of action, co-ownership results.” Nicholes v. Helena Parish Police Jury, 604 So.2d 1023 (La. 1992).
Louisiana’s intermediate courts generally recognize that Moody applies in cases of *1065 partial subrogation. Courts declining to apportion attorneys’ fees under \sMoody almost invariably distinguish the particular situation in their case from a strict subro-gation.
31 F.3d at 352.
We therefore conclude that Moody applies in eases of partial subrogation. The rationale given in Moody for creating the system of apportionment is that both a worker injured by a third party tortfeasor and an employer obligated to pay workers’ compensation have a property right to recover damages from the defendant. Moody, 498 So.2d at 1084-85. As they are co-owners of this property right, the recovery must be apportioned between them.
Such is also the case where an insured contractually surrogates his claim to the insurer. The Moody court intended to prevent an intervenor insurance company from “free riding” on the plaintiffs’ attorney by not paying any portion of the attorneys’ fees. Moody appears to be based not upon any special principles of workers’ compensation law, but on principles applicable to partial subrogation generally. Moreover, the Louisiana Supreme Court has given no indication that it intends to limit Moody to the workers’ compensation setting.
31 F.3d at 354.
We find the reasoning of Labiche to be logical and persuasive. We also find the result to be in accordance with justice. A subrogated insurer, which recovers because of the litigation efforts of the insured, rightfully should bear a portion of the plaintiffs attorneys’ fees and other costs of that litigation. In the present ease, Ellvog alleges that State Farm recovered almost solely as the result of the efforts of Ellvog’s counsel, and we must accept those allegations as true because this case was decided below on an exception of no cause of action, so we must reverse and remand for further proceedings.
REVERSED AND REMANDED.