856 So.2d 81 (2003)
Elaine MURRAY, Plaintiff-Appellee,
v.
GERMAN MUTUAL INSURANCE COMPANY, et al., Defendants-Appellants.
No. 37,697-CA.
Court of Appeal of Louisiana, Second Circuit.
September 24, 2003.
Rehearing Denied October 23, 2003.
Noah, Smith & Newman, L.L.P., by Jay B. Mitchell, for Appellant German Mutual Insurance Company.
Casten & Pearce, by Marshall R. Pearce, for Appellant State Farm Mutual Automobile Insurance Company.
Street & Street, by C. Daniel Street, for Appellee Elaine Murray.
Before WILLIAMS, GASKINS and CARAWAY, JJ.
GASKINS, J.
State Farm Mutual Automobile Insurance Company (State Farm), the uninsured motorist carrier of the plaintiff, Elaine Murray, appeals a decision by the trial court finding that the insurance company must pay to the plaintiff's attorney one-third of the amount recovered in the company's subrogation claim against the party who injured the plaintiff. For the following reasons, we reverse the trial court judgment.

*82 FACTS
On August 14, 1998, the plaintiff was involved in a traffic accident when a vehicle driven by Doug Zeller turned left in front of her. Ms. Murray was injured and her vehicle was damaged. She was unable to work for approximately one week.
At the time of the accident, Zeller was driving a vehicle belonging to his father-in-law, James L. Edwards, a resident of Ohio. Edwards carried insurance on the car with German Mutual Insurance Company (German Mutual). Edwards allowed his daughter, Susan Edwards Zeller, to drive the car to Louisiana following the death of her mother. The Zellers were in the process of buying the car from Edwards. Mrs. Zeller at first claimed that she did not give permission for her husband to operate the vehicle, but later testified that, in fact he was using the vehicle with her knowledge. Zeller entered a guilty plea to reckless operation of a vehicle and driving without a license in connection with this incident.
Ms. Murray filed a petition for damages on September 10, 1998, naming Zeller and German Mutual as defendants. She claimed that Zeller was completely at fault and sought recovery for personal injury and property damages, loss of earnings and earning capacity, increased business expenses, and exemplary damages, claiming that Zeller was intoxicated at the time of the accident. Ms. Murray entered into a contingency fee contract with her attorney entitling him to a one-third interest in and to any and all claims arising out of this incident, and costs. The agreement entitled him to deduct his one-third interest and costs from the proceeds recovered.
German Mutual answered, denying coverage. The company claimed that Zeller did not have permission to drive the vehicle and therefore was not an insured under the policy.
Ms. Murray had $250,000 in uninsured motorist (UM) coverage with State Farm. She made a claim against State Farm due to the denial of coverage by German Mutual. State Farm paid her a total of $180,000 for her damages.
State Farm filed an intervention naming Murray and German Mutual as defendants-in-intervention. The company claimed that German Mutual had a policy on the car driven by Zeller with a $300,000 limit. State Farm claimed that it had made payments to Ms. Murray as her UM insurer and therefore was subrogated to any recovery she received from Zeller or German Mutual. State Farm also sought a declaratory judgment that Zeller was covered under the German Mutual policy.
Ms. Murray filed a supplemental and amending petition on January 3, 2000, adding State Farm as a defendant, claiming that the company was her UM insurer and that it had made partial payment of her claims, but the company was in bad faith and had arbitrarily and capriciously refused to make additional payments. She asked for penalties and attorney fees.
In its answer to the UM claim, State Farm asserted that Ms. Murray was partially at fault in causing the accident. State Farm asked for a credit or set-off in the sum of the limits of all insurance policies providing coverage to responsible parties and for credit for all amounts paid by the responsible parties and/or their insurers. The answer was filed on behalf of State Farm by a different attorney than the one who filed the initial petition for intervention.
On December 19, 2000, State Farm and Ms. Murray entered into a partial joint motion to dismiss whereby the plaintiff withdrew her allegations of bad faith and her request for penalties and attorney fees against State Farm. She reserved all other *83 rights against State Farm, Zeller, and German Mutual.
The attorney who filed the original petition of intervention on behalf of State Farm then withdrew and the attorney who filed the answer to the UM claim remained in the case representing the company on both that claim and the intervention. That attorney then filed a supplemental and amending petition of intervention on behalf of State Farm claiming that it made $170,000 in payments to the plaintiff together with $10,000 in medical expenses and claimed subrogation to her rights against German Mutual in the amount of $180,000.
The matter was tried on June 17-21, 2002. The jury found that Zeller had his wife's permission to drive the car and that she negligently entrusted it to him. Therefore, there was coverage under the German Mutual policy. The jury awarded the plaintiff $22,115 in past medical expenses; $5,000 in future medical expenses; $100,000 in past, present, and future pain, suffering, mental anguish, inconvenience, and embarrassment; and $3,000 in past lost earnings. The jury denied her claim for lost future earnings and earning capacity. The total recovery for the plaintiff was $130,115.[1]
On July 26, 2002, a motion was filed for a hearing to determine judgment, claiming that there was a dispute as to whether the plaintiff's attorney was entitled to one-third of the amount recovered by State Farm on subrogation. At the hearing, the plaintiff's attorney claimed that it was because of his efforts that any recovery was made in the case. According to the plaintiff's attorney, where the effort to make the recovery comes from the plaintiff and her counsel, that attorney is entitled to have his recovery out of the amount awarded in the matter.
State Farm argued that it did not merely "ride the coattails" of the plaintiff's attorney. State Farm claimed that the plaintiff granted subrogation for $180,000, the amount paid to her by State Farm. The jury only awarded the plaintiff a little more than $130,000. Therefore, State Farm urged that it is entitled to the entire amount. State Farm maintained that, even though the plaintiff had a fee agreement with her attorney granting him one-third of the recovery in this matter, his fee should have come out of the $180,000 that State Farm had already paid to the plaintiff. State Farm argued that it is not reasonable to additionally award the plaintiff's attorney one-third of the $130,000 awarded by the jury and to which State Farm is entitled by subrogation.
On October 11, 2002, the trial court ruled that the plaintiff should be awarded attorney fees of one-third of the amount recovered by State Farm on the subrogation claim. The trial court signed a judgment granting Ms. Murray recovery of $130,115 against German Mutual and granted judgment in favor of State Farm against Ms. Murray under the subrogation agreement, subject to the plaintiff's attorney fees of one-third of the amount recovered.
State Farm appealed the trial court judgment, arguing that the court erred in holding that a portion of the plaintiff's attorney fees should be assessed against it and, in the alternative, that the trial court erred in the amount assessed as attorney fees.

*84 ATTORNEY FEES
State Farm argues that the trial court erred in holding it liable for a portion of the plaintiff's attorney fees when State Farm hired its own attorney, intervened in the suit, and actively participated throughout the proceedings as both an intervenor and a defendant. This claim has merit.
A party shall recover attorney fees only when authorized by statute or stipulated by contract. L.S. Huckabay, M.D. Memorial Hospital, Inc. v. KPMG Peat Marwick, LLP, 36,775 (La.App.2d Cir.4/9/03), 843 So.2d 1186.
Contracts have the effect of law for the parties and must be performed in good faith. La. C.C. art.1983. Interpretation of a contract is the determination of the common intent of the parties. La. C.C. art.2045. Where factual findings are pertinent to the interpretation of a contract, those factual findings are subject to the manifest error standard of review. Mount Mariah Baptist Church, Inc. v. Pannell's Associated Electric, Inc., 36,361 (La. App.2d Cir.12/20/02), 835 So.2d 880, writ denied, XXXX-XXXX (La.5/2/03), 842 So.2d 1101.
In this case, the parties do not dispute that State Farm has a right of subrogation for the $180,000 paid to the plaintiff. Further, the plaintiff has not cited any statutory provision requiring that her attorney fees be paid out of the amount due to State Farm in subrogation. Therefore, the plaintiff cannot claim that she is entitled to have her attorney fees paid out of the recovery granted by the jury by virtue of statutory authority.
We also find that recovery of attorney fees in this matter is not stipulated by contract. Although the plaintiff had a contingency fee contract with her attorney, State Farm was not a party to that agreement. Further, State Farm did not assume liability for the plaintiff's attorney fees due to its subrogation and release agreement with the plaintiff. In the settlement agreement, the plaintiff and State Farm recognized that State Farm paid $180,000 to the plaintiff under the terms of its UM coverage and acknowledged State Farm's right of subrogation. The plaintiff also released, relinquished, and compromised all claims she had or may have had against State Farm for bad faith, penalties, attorney fees, and any and all claims under the Unfair Trade Practices Act. The document does not specify any agreement between the parties that State Farm would satisfy the plaintiff's obligation to her attorney out of the amount recovered in the jury trial, to which the company was subrogated.
Rather, in support of her claim that her attorney fees should come out of the jury award and the remainder then provided to State Farm in subrogation, the plaintiff cited jurisprudence beginning with Moody v. Arabie, 498 So.2d 1081 (La.1986). In Moody, which was a workers' compensation case, the injured worker filed suit against the tort-feasor. The employer intervened to recoup workers' compensation benefits paid to the worker. The Louisiana Supreme Court held that an employer or workers' compensation carrier may be charged with a proportionate share of the reasonable and necessary costs of recovery, including attorney fees, incurred by the injured worker in the suit against the tort-feasor.
The supreme court reasoned that a worker's entitlement to recover damages from a third party is a property right. The court found that "When an employer pays compensation to a worker who has been injured by the wrongful act of a third person, the employer and the worker become co-owners of a property right consisting of a right to recover damages from *85 a third person." The court concluded that "[W]ith respect to any cost necessary to the maintenance and conservation of the right, each co-owner is always obliged to contribute in proportion to his interest in the right, and that, with respect to any other litigation costs, each co-owner is responsible for his proportionate part of reasonable and necessary expenses and legal services that accrue to his benefit." The court held that the reasonable costs of recovery are to be apportioned between the worker and employer according to their interest in the recovery.[2]
In Barreca v. Cobb, 95-1651 (La.2/28/96), 668 So.2d 1129, the holding of Moody was expanded beyond the realm of workers' compensation to subrogation. In that case, a plaintiff was injured in an automobile accident and his health insurer paid his medical expenses. The plaintiff then sued the tort-feasor. The plaintiff informed the health insurer of the pendency of the lawsuit and that it intended to reimburse the insurer from any recovery, minus one-third to be paid to his attorney under a contingency fee contract. The health insurer did not intervene in the suit.
Following recovery by the plaintiff, the insurer objected to the payment of the plaintiff's attorney fees. The supreme court applied the rationale of Moody to hold that under the principles of subrogation, the insurer and the insured are co-owners of the right to recover the medical expenses paid by the insurer. As co-owners, both the insured and the insurer are responsible for the corresponding litigation expenses. The court explained:
However, we hold that, in subrogation cases, an important prerequisite to the assessment of attorney fees is timely notice to the insurer. Timely notice is necessary to allow the insurer to exercise its right to join the action, or bring its own action, and be represented by legal counsel of its own choosing if it so elects. Assessment of attorney fees is justified only when the insurer chooses to rely on the efforts of plaintiff's counsel.
The court found that an insurer who has timely notice of the insured's claim, but fails to bring its own action or fails to intervene in the plaintiff's action will be assessed a proportionate share of the recovery *86 costs incurred by the insured, including reasonable attorney fees.[3]
This court has considered the issue of allowing recovery of attorney fees against a subrogee that did not receive notice of the proceedings. In Masters v. State Farm Mutual Automobile Insurance Company, 36,735 (La.App.2d Cir.3/15/03), 840 So.2d 665, writ denied, XXXX-XXXX (La.6/27/03), 847 So.2d 1276, the plaintiff was injured in an automobile accident. State Farm paid her medical expenses and, under the terms of their insurance policy, was subrogated to the extent of its payment. The plaintiff and her spouse retained an attorney and filed suit against the other driver. The attorney reached a settlement on behalf of the plaintiffs and then demanded that State Farm pay its proportionate share of the attorney fees and costs. State Farm filed a motion for summary judgment to dismiss the demand for attorney fees. This court affirmed the trial court decision granting the motion for summary judgment. We reasoned that the plaintiffs failed to give timely notice so that the insurer had the opportunity to decide whether to exercise its right to join the action or to bring its own action, represented by counsel of its own choosing.
The holdings of Moody and Barreca were limited in Hebert v. Jeffrey, 95-1851 (La.4/8/96), 671 So.2d 904. In that case, a worker who was injured while riding to work in a company vehicle collected workers' compensation benefits. He then filed suit against an alleged third party tort-feasor as well as a co-employee who was driving the company vehicle when the accident occurred. The plaintiff also sued the employer's liability insurer. The employer intervened to recover workers' compensation benefits paid to the plaintiff on the grounds that the plaintiff was not in the course and scope of his employment when the accident occurred. The co-employee was found to be solely at fault in causing the accident and judgment was entered in favor of the plaintiff and against the co-employee and the company's liability insurer. The plaintiff then sought to recover his attorney fees from his employer under Moody and La. R.S. 23:1103(C).
The court in Hebert stated that the Moody principles are based on fairness and equity. The motivation behind Moody is to correct an injustice whereby the injured employee bore the full expenses of tort recovery while the compensation carrier or its insured reaped the benefits. The court noted that, although it was willing to extend Moody to subrogation in Barreca, it did not feel the same about extending Moody in Hebert where the intervenor/employer was essentially an adversary of the plaintiff and the plaintiff's lawyer. In that case, the court found that attorney fees were not recoverable from the employer.
Similarly in Degruise v. Houma Courier Newspaper Corporation, 95-1863 (La.11/25/96), 683 So.2d 689, an employee was injured in a company vehicle while in the course and scope of his employment and received workers' compensation benefits. He filed suit against several parties including the employer's UM carrier, which was also the workers' compensation insurer. The insurer intervened to recover workers' compensation benefits paid to the plaintiff. Recovery was granted against the UM carrier and the plaintiff sought to recover attorney fees from the *87 insurance company in its capacity as workers' compensation insurer. Under those circumstances, the supreme court refused to require the insurance company to pay the employee's attorney fees. Citing Hebert, the court refused to extend the Moody doctrine to force a workers' compensation carrier to pay a portion of a plaintiff's legal fees under La. R.S. 23:1103 where the workers' compensation carrier and the UM insurer were the same and the UM insurer is the only viable defendant in the case.
In the case sub judice, State Farm had notice that the plaintiff was represented by counsel and chose to enlist the aid of its own attorney to represent its interests in this matter. State Farm's counsel filed a petition of intervention and a supplemental and amending petition of intervention. He also actively participated in all aspects of the proceedings. Contrary to the plaintiff's arguments, State Farm did not choose to rely on the efforts of plaintiff's counsel. Under the reasoning of Barreca, the assessment of attorney fees against State Farm is not justified.
Further, even though State Farm was an intervenor, it was also a defendant in the present suit in its capacity as the plaintiff's UM insurer. Because State Farm's position was somewhat adversarial to that of the plaintiff, under Hebert v. Jeffrey, supra, and Degruise v. Houma Courier Newspaper Corporation, supra, the insurer should not be taxed with the plaintiff's attorney fees.
The plaintiff contends that State Farm should have maintained separate attorneys for its subrogation claim and for the defense of the UM claim filed by the plaintiff. However, we find no authority requiring State Farm to maintain separate attorneys under the facts presented here.
As stated above, there is no statutory or contractual authority for imposing the plaintiff's attorney fees upon State Farm. Further, because State Farm did not rely upon the efforts of the plaintiff's attorney in the subrogation claim and was an adversary of the plaintiff on the UM claim, the trial court erred in requiring the insurer to satisfy the plaintiff's attorney fee contingency contract from the jury trial award. Accordingly, the trial court judgment in that regard is reversed.
Because we find that State Farm is not liable for the plaintiff's attorney fees, discussion of the defendant's alternative argument regarding the calculation of attorney fees is not necessary.

CONCLUSION
For the reasons stated above, we reverse that portion of the trial court judgment finding that the subrogation recovery of the defendant, State Farm Mutual Automobile Insurance Company, is subject to attorney fees of one-third of the amount recovered, owed by the plaintiff, Elaine Murray. We find that State Farm is subrogated to the entire amount awarded by the jury, $130,115. Costs in this court are assessed to the plaintiff.
REVERSED.

APPLICATION FOR REHEARING
Before WILLIAMS, GASKINS, CARAWAY, DREW, and MOORE, JJ.
Rehearing denied.
NOTES
[1] According to the briefs, Zeller is in bankruptcy, therefore there can be no judgment against him.
[2] The holding of Moody was later modified and written into the workers' compensation law in La. R.S. 23:1103(C), which limits the amount of attorney fees to one-third. The provision specifies:

C. (1) If either the employer or employee intervenes in the third party suit filed by the other, the intervenor shall only be responsible for a share of the reasonable legal fees and costs incurred by the attorney retained by the plaintiff, which portion shall not exceed one-third of the intervenor's recovery for prejudgment payments or prejudgment damages. The amount of the portion of attorney fees shall be determined by the district court based on the proportionate services of the attorneys which benefitted or augmented the recovery from the third party. The employee as intervenor shall not be responsible for the employer's attorney fees attributable to postjudgment damages nor will the employer as intervenor be responsible for the attorney fees attributable to the credit given to the employer under Subsection A of this Section. Costs shall include taxable court costs as well as the fees of experts retained by the plaintiff. The pro rata share of the intervenor's costs shall be based on intervenor's recovery of prejudgment payments or prejudgment damages.
(2) When recovery of damages from a third party is made without filing of a suit, the employer shall be responsible for an amount, not to exceed one-third of his recovery on pre-compromise payments, for reasonable legal fees and costs incurred by the attorney retained by the employee or his dependent in pursuit of the third party matter. The responsibility for payment of this amount shall exist only if there is written approval of the compromise by the employer, his compensation carrier, or the compensation payor.
[3] See also Ellvog, Inc. v. Schnadelbach, 95-0092 (La.App. 4th Cir.9/15/95), 661 So.2d 1062, holding that a subrogated insurer which recovers because of the litigation efforts of the insured rightfully should bear a portion of the plaintiff's attorney fees and other costs of the litigation.