# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-987


LAWANDA THEODILE

VERSUS

RPM PIZZA, INC.


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 03-02178
SHARON M. MORROW, WORKERS' COMPENSATION JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Michael G. Sullivan, Judges.

**REVERSED, RENDERED AND REMANDED.**

**Christopher A. Edwards**
**Edwards Law Firm**
**Post Office Box 2970**
**Lafayette, LA  70502-2970**
**(337) 237-6881**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Lawanda Theodile**

**William H. Parker, III**
**Allen & Gooch**
**Post Office Drawer 3768**
**Lafayette, LA  70502**
**(337) 291-1270**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **RPM Pizza, Inc.**

AMY, Judge.

The claimant filed a workers' compensation claim, seeking penalties and attorney's fees related to the untimely payment of medical expenses she contends resulted from an automobile accident occurring during the course and scope of her employment. After a tentative settlement was reached for the $10,000 limits of the other driver's insurance policy, the claimant's attorney filed a Motion to Disburse Funds, asserting that the attorney's privilege included medical expenses paid or guaranteed on the claimant's behalf. The workers' compensation provider asserted that the medical expenses did not constitute a fee as determined in the attorney's privilege statutes. The workers' compensation judge concluded that the medical expenses did not constitute a fee, thereby finding the workers' compensation lien superior to those for the medical expenses. For the following reasons, we reverse the ruling and remand for further proceedings.

## Factual and Procedural Background

The claimant alleges that she was injured in an automobile accident occurring during the course and scope of her employment with the defendant, RPM Pizza, Incorporated. The claimant made both a personal injury claim against the other driver involved in the accident and the driver's insurance provider. The claimant hired the Edwards Law Firm to represent her in the personal injury claim. A contingency contract for one-third of the recovery or settlement was entered into. The contract, entitled "Retainer Agreement," authorized the attorney to:

> [I]ncur and pay on CLIENT's behalf for expenses such as but not limited to investigation and prosecution of claim, witness and expert fees, travel expenses, paralegal expenses, office expenses, mileage reimbursement, medical expenses, court reporters' fees, copying charges, bonds, telephone expenses, postage, clerks' and sheriffs' fees, and in connection therewith, said ATTORNEY is authorized to make direct disbursement thereof from any settlement or recovery to pay such expenses and/or reimburse ATTORNEY for such expenses he has previously advanced,

said disbursement to be in addition to the fee called for above. During the course of the representation, the Edwards Firm expended or guaranteed approximately $7,880.61 in medical and associated costs.

The Disputed Claim for Compensation was filed instituting the workers' compensation portion of the claim on March 26, 2003. The claimant alleged that the automobile accident occurred while she was driving to a work-related meeting and that "some medical treatment" recommended by her physician was not paid by the employer within sixty days.[1] She sought penalties and attorney's fees associated with the alleged failure to pay. She noted that: "Concursus proceeding necessary to disburse third party settlement funds to claimant's attorney to pay attorney fees, attorney costs, and medicals paid by claimant and to set amount owed by employer/insurer to claimant in medicals in excess of settlement amount."

Relevant to the matter now before the court, the claimant also filed a Motion to Disburse Settlement Funds and For Approval of Settlement. The motion noted that a tentative settlement on the underlying tort claim had been reached for the $10,000.00 policy limits of the other driver's automobile insurance policy. However, the motion alleged, due to the one-third contingency contract and the $7,880.61 in expenses incurred, the claimant would be left after settlement, still owing in excess of one thousand dollars in medical expenses. However, the motion continues, the workers' compensation insurer "has alleged that it is entitled to reimbursement out of the proceeds of the third party claim, and that it should be paid out of the settlement proceeds for any amounts they have already paid." Due to this, the claimant alleged, the insurer had failed to authorize the settlement. The claimant asked the Office of

---

[1] The record indicates that, at some point in time, the defendant's compensation insurer began providing medical expenses.

2

Workers' Compensation to order the insurer, Liberty Mutual Insurance Company, to approve the settlement and to continue workers's compensation benefits following the third-party settlement.

When the matter was heard by the workers' compensation judge, the issue remaining was whether the medical expenses forwarded/guaranteed by the claimant's attorney were to be considered a part of the attorney's fee and, therefore, a superior privilege to the statutory lien available to the workers' compensation insurer for those sums it had provided. Observing that the one-third contingency fee, or "clear fee" as it was termed by the workers' compensation judge, would have first priority from the $10,000.00, the workers' compensation judge found that the medical expenses and associated costs "do not prime the workers' comp lien[.]" The judgment subsequently signed stated:

> IT IS ORDERED, ADJUDGED AND DECREED that out of $10,000.00 available from the insurer, US Agencies Casualty Insurance Company, Inc. in the automobile accident third party claim of September 3, 2002, that LAWANDA THEODILE'S attorney, Christopher A. Edwards and Edwards Law Firm have a first privilege and lien on attorney fees which represent only the one-third contingency fee and no costs, expenses or medical paid by or guaranteed on behalf of Christopher A. Edwards and Edwards Law Firm or LAWANDA THEODILE in the prosecution of her automobile accident third party claim.

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Liberty Mutual Insurance Company is entitled to reimbursement of all amounts that they have paid for workmen's compensation weekly benefits or medical in preference to any attorney expenses, attorney costs, or attorney advances for medicals on behalf of LAWANDA THEODILE for injuries received from the accident of September 3, 2002.

The claimant's attorney appeals, assigning the following as error:

> 1)     The Administrative Law Judge was manifestly erroneous in her assessment of the priority of liens in ordering a workmen's compensation insurance carrier to be reimbursed before payment of medicals and attorney fee costs, expenses and guaranteed medicals.

3

## Discussion

The priority of the attorney's lien for the contingency fee is not in question. The sole question before the court is whether those medical and related expenses are a part of the attorney's fee subject to the attorney's lien. Claimant's counsel asserts that La.R.S. 37:218 and La.R.S. 9:5001, which govern the attorney's lien, should be viewed as including medical expenses.

*The Workers' Compensation Lien*

The competing privilege, that advanced by the workers' compensation insurer, is contained in La.R.S. 23:1103, which provides in part:

> A. (1) In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six percent per annum, and shall be satisfied by such payment. The employer's credit against its future compensation obligation shall be reduced by the amount of attorney fees and court costs paid by the employee in the third party suit.
>
> . . . .
>
> B. The claim of the employer shall be satisfied in the manner described above from the first dollar of the judgment without regard to how the damages have been itemized or classified by the judge or jury. Such first dollar satisfaction shall be paid from the entire judgment, regardless of whether the judgment includes compensation for losses other than medical expenses and lost wages.

Thus, in the event that a claimant has a right of recovery against a tortfeasor, workers' compensation insurers who have provided compensation benefits have certain rights of recovery. Liberty Mutual contends that the privilege it enjoys under La.R.S.

23:1103 places it in a superior position to the counsel's attempt to recover the claimed medical and related expenses. Although it concedes that La.R.S. 23:1103 is a secondary lien to the attorney's fee lien provided by La.R.S. 37:218, discussed below, it contends the medical expenses fall outside of that lien.

*The Attorney Privilege*

La.R.S. 37:218 provides:

> A. By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property. Such interest shall be a special privilege to take rank as a first privilege thereon, superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial laws. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue, or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client's domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition has been made.
>
> B. The term "fee", as used in this Section, means the agreed upon fee, whether fixed or contingent, and any and all other amounts advanced by the attorney to or on behalf of the client, as permitted by the Rules of Professional Conduct of the Louisiana State Bar Association.[2]

---

[2]Advanced by claimant's counsel, La.R.S. 9:5001 provides:

> A. A special privilege is hereby granted to attorneys at law for the amount of their professional fees on all *judgments* obtained by them, and on the property recovered thereby, either as plaintiff or defendant, to take rank as a first privilege thereon superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial Laws.
>
> B. The term "professional fees", as used in this Section, means the agreed upon fee, whether fixed or contingent, and any and all other amounts advanced by the attorney to or on behalf of the client, as permitted by the Rules of Professional Conduct of the Louisiana State Bar Association.

(Emphasis added). As is reflected in the statute's use of "judgment," the privilege of La.R.S. 9:5001

Turning to the Rules of Professional Conduct referenced in Paragraph B, above, Rule 1.8 provides:

> As a general principle, all transactions between client and lawyer should be fair and reasonable to the client. Furthermore, a lawyer may not exploit his representation of a client or information relating to the representation to the client's disadvantage. Examples of violations include, but are not limited to, the following:
>
> . . . .
>
> (e)    A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation, except that:
>
> (1) A lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter; and
>
> (2) A lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client.

Thus, the question in this case is whether the expenses paid or guaranteed by the claimant's counsel are "court costs and expenses of litigation." Our consideration of Rule 1.8, above, indicates that, in this case, they are to be considered as those permissibly advanced by the attorney.

In *Dupuis v. Faulk*, 609 So.2d 1190 (La.App. 3 Cir. 1992), a panel of this court concluded that both medical and living expenses advanced to clients in a personal injury suit are recoverable under Rule 1.8(e). In finding the expenses those included in Rule 1.8(e), the panel referenced the Louisiana Supreme Court's decision in *La. State Bar Assoc. v. Edwins*, 329 So.2d 437, 446 (La.1976), wherein it was explained that: "Nor do we see how a lawyer's guarantee of necessary medical treatment for his client . . . can be regarded as unethical, if the lawyer for reasons for humanity can

---

is applicable only to judgments, not settlements. *See Calk v. Highland Const. & Mfg.*, 376 So.2d 495 (La.1979). Therefore, it is inapplicable to the present case.

afford to do so." *See also Billiot v. K-Mart Corp.*, 99-1569 (La.App. 1 Cir. 6/23/00), 764 So.2d 329, *writ denied*, 00-2211 (La. 10/13/00), 771 So.2d 653.

Accordingly, we conclude that the workers' compensation judge erred in concluding that the medical expenses and related costs advanced by the claimant's counsel were not to be included in those sums recoverable under La.R.S. 37:218, which provides that *both* the "agreed upon fee, whether fixed or contingent, *and* any and all other amounts advanced by the attorney or on behalf of the client, as permitted by the Rules of Professional Conduct of the Louisiana State Bar Association." (Emphasis added). As the $7,880.61 claimed by claimant's counsel represents figures acceptable under the Rules of Professional Conduct, those are ordered to be included among the first privilege and lien enjoyed by the claimant's counsel pursuant to La.R.S. 23:218.

**DECREE**

The ruling of the Office of Workers' Compensation is reversed insofar as it excludes the $7,880.61 in medical and litigation-related expenses from the attorney's privilege and lien of Christopher A. Edwards and the Edwards Law Firm. The ruling is amended to include those expenses in the lien. All costs of this proceeding are assessed against the appellee, Liberty Mutual Insurance Company. This matter is remanded for further proceedings.

**REVERSED, RENDERED AND REMANDED.**