LOLLEY, J.
It U.S. Specialty Insurance Company (“U.S. Specialty”) appeals a judgment from the First Judicial District Court, Parish of Caddo, State of Louisiana, awarding Gregory M. Taylor attorney’s fees of $9,343.51 and expenses of $1,409.12 out of funds deposited into the registry of the court by State Farm Mutual Automobile Insurance Company (“State Farm”). For the reasons assigned, the judgment is affirmed in part and amended in part.
FACTS
While in the course and scope of his employment, Taylor was operating a 1998 Chevrolet Lumina owned by his employer, Tommie’s Novelty and Gaming (“Tommie’s”), and insured by Lafayette Insurance Company (“Lafayette”). Taylor was struck by a 1994 Chevrolet Lumina which was operated by Sylvia Vargas (“Vargas”), owned by Raul Velasco (“Velasco”), and insured by State Farm. The employer’s automobile liability insurance policy with Lafayette included coverage for uninsured motorist/underinsured motorist (“UM/UIM”). Taylor’s personal automobile liability insurance policy also was issued by State Farm and included UM7 UIM coverage.
At the time of the accident, U.S. Specialty provided workers’ compensation insurance for Tommie’s. Taylor filed a claim in the Office of Workers’ Compensation (“OWC”) and received workers’ compensation benefits from U.S. Specialty for the injuries he sustained in the work-related accident in the amount of $40,432.14, as stipulated to by all parties. U.S. Specialty filed suit against State Farm, Velas-co and/or Vargas for reimbursement for any and all workers’ compensation benefits paid to or on | ^behalf of Taylor. Subsequently, Taylor and his wife, Tena Taylor, through their attorney of record, Mark Manno, filed a personal injury claim against the same parties as well as Lafayette. The trial court consolidated the lawsuit for reimbursement of workers’ compensation benefits and the Taylors’ personal injury lawsuit. The procedural and factual background of this case has been set forth previously and will not be repeated herein. See Tommie’s Novelty v. Velasco, 37,924 (La.App.2d Cir.02/26/04), 868 So.2d 962.
State Farm acknowledged liability on behalf of Velasco and/or Vargas for the automobile accident and tendered the liability policy limits of $25,000.00, plus $3,030.52 interest, for a total of $28,030.52, into the registry of the court. State Farm was then released by all parties from further liability, along with Velasco and Vargas.
The Taylors filed a motion to disburse funds out of the registry of court because U.S. Specialty would not agree to the their attorney fee lien. A hearing on the motion was held on September 13, 2004, following which the trial court ruled in favor of the Taylors. In its judgment, the trial court found that the Taylors were entitled to an attorney fee lien in the amount of $9,343.51, plus expenses of $1,409.12, for a total of $10,752.63 to be withdrawn from the proceeds in the registry of the court. It is from this judgment that U.S. Specialty appeals.
DISCUSSION
On appeal, U.S. Specialty contends the trial court erred in awarding both attor *938 ney’s fees and costs to the Taylors without proof of claim and [¡¡without taking into account work done by U.S. Specialty. The attorney’s fees and costs awarded in this workers’ compensation action are commonly referred to as “Moody Fees” pursuant to the principles first set forth in Moody v. Arabie, 498 So.2d 1081 (La.1986) and now codified in La. R.S. 23:1103(C)(1). Moreover, U.S. Specialty claims that the award of “Moody Fees” in this instance was erroneous because it was in excess of 1/3 of the total recovery from State Farm.
In Moody, supra, the injured worker filed suit against the tortfeasor. The employer intervened to recoup workers’ compensation benefits paid to the worker. The Louisiana Supreme Court held that an employer or workers’ compensation carrier may be charged with a proportionate share of the reasonable and necessary costs of recovery, including attorney’s fees, incurred by the injured worker in the suit against the tort-feasor.
The Supreme Court reasoned that a worker’s entitlement to recover damages from a third party is a property right. The court found that:
[w]hen an employer pays compensation to a worker who has been injured by the wrongful act of a third person, the employer and the worker become co-owners of a property right consisting of a right to recover damages from a third person.
Id. at 1085. Applying this doctrine to the action and right against the third party, the court concluded that “[w]ith respect to any cost necessary to the maintenance and conservation of the right, each co-owner is always obliged to contribute in proportion to his interest in the right, and that, with respect to any other litigation costs, each co-owner is responsible for his proportionate part of reasonable and necessary expenses and legal services |4that accrue to his benefit.” Id. at 1085. The court held that the reasonable costs of recovery are to be apportioned between the worker and employer according to their interest in the recovery. See also Murray v. German Mutual Insurance, Inc., 37,697 (La.App.2d Cir.09/24/03), 856 So.2d 81, writ denied, 2003-3168 (La.02/13/04), 867 So.2d 698.
The holding of Moody was later modified and written into the workers’ compensation law in La. R.S. 23:1103, which limits the amount of attorney fees to one-third. The provision specifies:
C.(l) If either the employer or employee intervenes in the third party suit filed by the other, the intervenor shall only be responsible for a share of the reasonable legal fees and costs incurred by the attorney retained by the plaintiff, which portion shall not exceed one-third of the intervenor’s recovery for prejudgment payments or prejudgment damages. The amount of the portion of attorney fees shall be determined by the district court based on the proportionate services of the attorneys which benefitted or augmented the recovery from the third party. The employee as interve-nor shall not be responsible for the attorney fees attributable to the credit given to the employer under Subsection A of this Section. Costs shall include taxable court costs as well as the fees of experts retained by the plaintiff. The pro rata share of the intervenor’s costs shall be based on intervenor’s recovery of prejudgment payments or prejudgment damages.
(2) When recovery of damages from a third party is made without filing of a suit, the employer shall be responsible for an amount, not to exceed one-third of his recovery on pre-compromise payments, for reasonable legal fees and costs incurred by the attorney retained by the employee or his dependent in *939 pursuit of the third party matter. The responsibility for payment of this amount shall exist only if there is written approval of the compromise by the employer, his compensation carrier, or the compensation payor.
U.S. Specialty contends that the compensation benefits it has paid to or on behalf of Taylor was greater than the $28,030.52 money damages deposited into the registry of the court by State Farm. It argues that because | .¡these funds are only sufficient to reimburse it for the workers’ compensation benefits which it has actually paid to or on behalf of Taylor, these amounts can only be assessed solely in the favor of U.S. Specialty. It asserts that if the Taylors did not recover any monies out of the State Farm award, then U.S. Specialty should not be taxed with attorney’s fees. It contends that the principles of Moody, supra are not applicable in this instance because the Taylors never bore the full expenses of tort recovery. It alleges that Mr. Manno did not perform any necessary legal services which actually benefitted or augmented recovery from State Farm other than file the original lawsuit. Additionally, it contends that the Taylors took an adverse position against U.S. Specialty from the beginning. We disagree.
In its written Ruling on Motions to Disburse Funds, the trial court noted that the State Farm funds were deposited into the registry of the court on the same day the trial court granted the Taylors’ motion for summary judgment. The trial court further remarked that those State Farm funds were “created” by the efforts, in substantial measure, of the Taylors’ attorney. In concluding, the trial court found that the reasoning in Moody, supra was applicable, citing Tolbird v. Wyble, 38,969 (La.App.2d Cir.12/15/04), 892 So.2d 103, writ denied, 2005-0444, 0449 (La.04/29/05), 901 So.2d 1066, 1067, cert. denied, — U.S. -, 126 S.Ct. 387, 163 L.Ed.2d 172 (2005).
An appellate court may not set aside a trial court’s finding of fact in the absence of manifest error or unless such finding is clearly wrong. Stobart v. State, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989), writ denied, 561 So.2d 105 (La.1990). The issue to be | ¡¡resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one in light of the evidence in the record. Theriot v. Lasseigne, 93-2661 (La.07/05/94), 640 So.2d 1305; Stobart, supra; Brown v. Brookshire’s Grocery Co., 38,216 (La.App.2d Cir.03/12/04), 868 So.2d 297.
A review of the record substantiates that the trial court’s award of “Moody Fees” was reasonable in this case. At the hearing on the motion to disburse funds, Mr. Manno argued that he rendered considerable legal services, contending that it was through his efforts that State Farm tendered its policy limits into the registry of the court. He stated that he prepared Mr. Taylor for several depositions and participated in discovery. Mr. Manno disputed U.S. Specialty’s allegation that the Taylors took an adversarial position in its proceedings against State Farm. He acknowledged that the parties are now in contention as to how the State Farm funds are to be disbursed, but maintained that the Taylors have not otherwise been directly adversarial to U.S. Specialty.
Although U.S. Specialty cites Murray, supra, in support of its position, we find the facts distinguishable. Murray was not a worker’s compensation case, and unlike the present facts, the insurer was found to be somewhat adversarial to the plaintiff.
*940 We find no manifest error in the trial court’s conclusion. However, we do find merit in U.S. Specialty’s contention that the award of $10,752.63 exceeded the one-third limit provided for in La. R.S. 23:1103(C)(1). In our |7view, the language of the statute concerning the calculation of awards is clear in this regard. Hence, we amend the judgment to reflect that finding.
CONCLUSION
We affirm that portion of the judgment granting the Taylors’ motion to disburse funds deposited in the registry of the trial court and amend the judgment to reduce the award to a total of $9,344.01. Costs of these proceedings are assessed equally to both parties.
AFFIRMED IN PART; AMENDED IN PART.