STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-157


SHIRLEY LEBLANC, ET AL.

VERSUS

ABC INSURANCE CO., ET AL.


**********
APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2001-219
HONORABLE JOEL G. DAVIS, DISTRICT JUDGE
**********

**GLENN B. GREMILLION**
**JUDGE**

**********


Court composed of Oswald A. Decuir, Glenn B. Gremillion, and J. David Painter, Judges.


**AFFIRMED AS AMENDED.**


**Kevin R. Rees**
**P. O. Box 1199**
**Abbeville, LA 70511-1199**
**(337) 893-4382**
**Counsel for Plaintiffs/Appellees:**
    **Shirley Leblanc**
    **Tony Leblanc**

**Errol D. Deshotels**
**Deshotels, Mouser & Deshotels**
**P. O. Box 399**
**Oberlin, LA 70655**
**(337) 639-4309**
**Counsel for Defendants/Appellees:**
  **Cindy Limes**
  **Carol Davis**

**Frank M. Walker, Jr.**
**Plauche, Smith & Nieset**
**P. O. Box 1705**
**Lake Charles, LA 70602**
**(337) 436-0522**
**Counsel for Defendants/Appellees:**
  **Louisiana Farm Bureau Mutual Ins.Co.**
  **Joann Carrier Chapman**
  **Trudy Carrier Lafort**

**Brian Lee Coody**
**Stockwell, Sievert, Viccellio**
**P. O. Box 2900**
**Lake Charles, LA 70602**
**(337) 436-9491**
**Counsel for Defendant/Appellee:**
  **State Farm Fire & Casualty Co.**

**Paul A. Holmes**
**Louisiana Municipal Association**
**P. O. Box 4327**
**Baton Rouge, LA 70821-4327**
**(225) 344-5001**
**Counsel for Defendant/Appellant:**
  **City of Oberlin**

GREMILLION, Judge.

In this workers' compensation intervention, the intervenors, the City of Oberlin and Louisiana Risk Management, Inc., appeal the judgment of the trial court awarding attorney's fees and additional litigation expenses to the plaintiffs' counsel. Oberlin argues that the total amount awarded, $59,208, exceeds the statutorily allowed amount of one-third of its recovery, $52,500. For the following reasons, we amend the trial court's judgment.

## FACTS

On April 17, 2000, the plaintiff, Shirleen LeBlanc, a meter-reader for Oberlin, was reading the meter of a home located at 504 East 9th Avenue in Oberlin. While doing so, a large branch from an Oak tree fell, striking her on the head and breaking her neck. As a result of this accident, LeBlanc and her husband, Tony, individually and on behalf of their three children (referred to collectively as LeBlanc), filed suit against the owners and insurers of the residence where the accident occurred. Due to the uncertainty surrounding the ownership of the subject residence, LeBlanc named numerous defendants as owner. She later amended the petition to add Farm Bureau Insurance Company, State Farm Insurance Company, and Allstate Insurance Company as defendants. Oberlin intervened in the suit asserting its right of reimbursement for workers' compensation benefits paid on LeBlanc's behalf.

Allstate and State Farm were dismissed from the suit via a partial dismissal and on motion for summary judgment, respectively. Thereafter, a settlement was reached between LeBlanc and Farm Bureau, Joann Carrier Chapman, and Cindy Carrier Limes in the amount of $157,500. A dispute arose between

1

counsel for LeBlanc and Oberlin as to whether counsel for LeBlanc should recover, in addition to one-third of the settlement amount in attorney's fees ($52,500), an additional $6708 for court costs and related litigation expenses. The parties submitted the matter to the trial court in a Motion to Approve Settlement and Disburse Settlement Funds, after which it awarded counsel for LeBlanc $6708, in addition to $52,500. This appeal by Oberlin followed.

## ISSUE

On appeal, Oberlin argues that the trial court erred in awarding counsel for LeBlanc an amount in excess of the one-third of its recovery from the defendants, in contravention of La.R.S. 23:1103(C).

## LA.R.S. 23:1103

Oberlin argues that the $59,208 awarded to LeBlanc's counsel exceeds the one-third amount statutorily allowed in La.R.S. 23:1103(C). We agree.

Louisiana Revised Statute 23:1103(C)(1) provides with regard to attorney's fees:

> If either the employer or employee intervenes in the third party suit filed by the other, the intervenor shall only be responsible for a share of the reasonable legal fees and costs incurred by the attorney retained by the plaintiff, ***which portion shall not exceed one-third of the intervenor's recovery for prejudgment payments or prejudgment damages.*** The amount of the portion of attorney fees shall be determined by the district court based on the proportionate services of the attorneys which benefitted or augmented the recovery from the third party. The employee as intervenor shall not be responsible for the employer's attorney fees attributable to postjudgment damages nor will the employer as intervenor be responsible for the attorney fees attributable to the credit given to the employer under Subsection A of this Section. ***Costs shall include taxable court costs as well as the fees of experts retained by the plaintiff.*** The pro rata share of the intervenor's costs shall be based on intervenor's recovery of prejudgment payments or prejudgment damages.

2

(Emphasis added).

Here, LeBlanc received $157,500 from the settlement. All of that amount went to Oberlin to reimburse it for workers' compensation benefits paid to LeBlanc. Accordingly, counsel for LeBlanc could recover only one-third of that amount in attorney's fees and related costs as allowed by La.R.S. 23:1103(C). *See Tommie's Novelty v. Velasco*, 40,483 (La.App. 2 Cir. 3/8/06), 923 So.2d 936. Although LeBlanc's argument is meritorious in that the outcome of this matter is unfair and may have a stifling effect on attorneys taking cases involving a workers' compensation intervention, the wording of La.R.S. 23:1103(C)(1) is clear, and we are statutorily bound by its limits. This is a problem to be resolved by the legislature, rather than by the courts.

Nor do we find that *Theodile v. R.P.M. Pizza, Inc.*, 03-987 (La.App. 3 Cir. 2/4/04), 865 So.2d 980, applies in this instance, as that case failed to address La.R.S. 23:1103(C). The sole issue in that case was whether medical expenses and litigation costs advanced to the plaintiff by counsel "are a part of the attorney's fee subject to the attorney's lien." *Id.* at 983. Accordingly, we amend the judgment of the trial court to reduce the amount of attorney's fees awarded to LeBlanc's counsel to $52,500.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court is amended to reduce the amount of attorney's fees and costs awarded to LeBlanc's counsel to $52,500. The costs of this appeal are assessed to the plaintiffs-appellants, Shirleen

3

and Tony LeBlanc, individually and on behalf of the estate of Lori, David, and Quinten LeBlanc.

**AFFIRMED AS AMENDED.**