MARION F. EDWARDS, Judge.
| yDefendant/appellant, State Farm Fire and Casualty Company (“State Farm”), appeals a judgment of the Twenty-Fourth Judicial District Court ordering it to pay plaintiff/appellee, Melinda Doucet (“Dou-cet”), $2,140.96 in attorney’s fees and $1,643.53 as its proportionate share of court costs. The judgment on appeal arises from an earlier trial and jury verdict in favor of Doucet. We reverse.
Doucet filed a Petition for Damages against defendant/appellant, Fred Gayden (“Gayden”), for injuries she received as the result of a three-car accident. Specifically, she alleged that Gayden collided with the rear of a vehicle, which was driven by Paul Catalinotto (“Catalinotto”) and owned by Delta Beverage Group, Inc. The Catalinot-to vehicle, in turn, crashed into the rear of Doucet’s auto, causing injuries to her back, neck, and leg. In addition to Gayden, Doucet named as defendants Gayden’s alleged employer, Sterling Financial Services, Inc. (“Sterling”), and Republic Western Insurance Company (“Republic”), Sterling’s | ^insurer. Doucet also implead-ed State Farm as her underinsured/unin-sured (UM) motorist carrier. Subsequently, Sterling and Republic were dismissed by Doucet as having been incorrectly named, and Crescent Warehouse and Distribution, Inc. (“Crescent”) and Sentry Select Insurance Company (“Sentry”) were substituted as defendants.
State Farm answered the original petition, admitting that, although it had issued a policy of insurance to Doucet, it was not liable in the matter. State Farm alleged that Doucet was negligent; that she failed to mitigate her own damages; that some or all of her injuries were pre-existing; that Republic provided liability limits which would compensate her; and that she had not properly shown that the defendants/appellants were uninsured or under-insured. State Farm then claimed a credit or setoff for all amounts it paid Doucet before trial, as well as a credit and/or setoff for any amounts paid under the medical payments coverage.
The Doucet case was consolidated for trial with a separate action filed by Catali-notto involving the same accident. State Farm was not a party to the Catalinotto suit. Subsequently, State Farm filed a cross-claim against Gayden, Sentry, and Crescent, averring that State Farm was subrogated to Doucet’s rights to sums paid under its medical payments coverage.
Prior to trial, counsel for Doucet and for Crescent stipulated to a “high/low” agreement, by which, depending on the jury verdict, Doucet would receive no less than $50,000, plus interest and court costs, and no more than $150,000, plus costs and in *384 terest. It was agreed that no appeal on that judgment would be taken. Based on the high/low agreement, and because State Farm had a $10,000 limitation of liability on its UM policy with Doucet, State Farm orally requested a Motion to Dismiss the UM claims against it with prejudice. Dou-cet agreed that, in light of the agreement, she no longer had a UM claim against State Farm. State Farm | ¿continued to pursue its cross-claim for subrogation. In connection with the cross-claim, the parties stipulated to the State Farm policy and to the $5,000 medical payment made under the policy. Doucet also stipulated that whatever award was made in light of the high/low agreement, that award would be subject to State Farm’s claim. However, Doucet reserved her right to claim a portion of her attorney’s fees and costs out of any subrogation recovery by State Farm. Doucet agreed on the record that it was unnecessary for State Farm to participate further in the trial and that the absence of the insurer’s counsel would not be used as a ground for an argument of failure to defend.
Following trial, the jury rendered its verdict finding that Gayden was negligent. The verdict was reduced to judgment, granting Doucet damages totaling $60,000 subject to reduction of $5000 on the cross-claim, plus interest and costs. State Farm was awarded $5000, plus interest and court costs on the cross-claim, and was dismissed as the UM carrier.
Subsequently, Doucet filed a Rule to Apportion Cost of Recovery From Third Party Tortfeasor, asserting that State Farm should be required to pay its proportionate share of the litigation costs and attorney’s fees incurred in the pursuit of the third-party recovery. Following a hearing on the rule, the trial court rendered judgment in favor of Doucet, ordering State Farm to pay $3,784.49 out of its total award on the cross-claim. It is from this judgment that State Farm has appealed.
State Farm argues that, because it was adverse to Doucet as the UM carrier, hired its own attorney, and filed and pursued its own cross-claim for subrogation, it |Bis not liable for a share of Doucet’s attorney’s fees and costs for her own claim against third parties, relying on the case of Barreca v. Cobb.[1]
The insurance policy in this case clearly states that State Farm is subrogated to the extent of the medical payments made to its insured. In Barreca, the Louisiana Supreme Court held that, under the principles of subrogation, the insurer and the insured are co-owners of the right to recover the medical expenses paid by the insurer. As co-owners, both the insured and the insurer are responsible for the corresponding litigation expenses.
However, we hold that, in subrogation cases, an important prerequisite to the assessment of attorney fees is timely notice to the insurer. Timely notice is necessary to allow the insurer to exercise its right to join the action, or bring its own action, and be represented by legal counsel of its own choosing if it so elects. Assessment of attorney fees is justified only when the insurer chooses to rely on the efforts of plaintiffs counsel.[2]
The Barreca court found that an insurer who has timely notice of the insured’s claim, but fails to bring its own action or fails to intervene in the plaintiffs action will be assessed a proportionate share of the recovery costs incurred by the insured, including reasonable attorney’s fees. In *385 other eases, proportionate recovery has been denied when the insured has failed to notify its insurer of a suit so as to permit it to join in the action, or to bring its own,[3] or when a UM carrier actively participated in litigation to establish underlying third-party liability.[4]
In the present matter, State Farm clearly received notice via the suit by Doucet and exercised its legal rights by bringing its own action, filing a cross-claim. State Farm was represented by its own legal counsel, who actively | ¿participated in the case up to the day of trial. We note Doucet’s acknowledgement that she no longer had a UM claim; that she agreed that counsel for State Farm need not remain for the trial in chief and that the issues involved in the cross-claim would be resolved at a later date; and notably, that State Farm’s absence from trial would not constitute an argument regarding the proportioning of attorney’s fees on the cross-claim. In this situation, we also find the effect of the high/low agreement between Doucet and Crescent to be significant.
Doucet relies on Louisiana Insurance Directive 175, issued by the Office of the Commissioner of Insurance on January 8, 2003, which states in part:
While insurers are free to include whatever provisions they choose in their policies, the provisions must be consistent with the laws and public policy of Louisiana. It has long been the public policy of this state, as expressed in Louisiana jurisprudence, that subrogation provisions in insurance contracts cannot harm the insured. This same rule of public policy applies to reimbursement provisions in insurance contracts. Further, an insurer invoking a subrogation or reimbursement provision is required by the public policy of this state to contribute to the attorney’s fees incurred in obtaining a recovery from the third party.
Although the above directive was referred to in oral argument, it was not otherwise introduced into the record of this case. Further, by its own terms, it was created to streamline and expedite the policy forms review process, and relates to administrative sanctions against a noncomplying insurer by the Commission. It does not purport to change the existing law. There is nothing in the record to suggest that the State Farm policy in question has been challenged or invalidated as being non-compliant.
In its reasons, the trial judge does not state the grounds for his finding. We have reviewed the policy in question and find no contractual basis for the judgment. In the absence of any jurisprudential or statutory basis for the 17imposition of attorney’s fees and costs in this case, we hold that the court was manifestly erroneous in granting such fees and costs.
For the foregoing reasons, the judgment is reversed. Appellee is assessed all costs of this appeal.

REVERSED.

. 95-1651 (La.2/28/96), 668 So.2d 1129.

. Barreca, supra at 1132 (emphasis supplied).

. See, Masters v. State Farm, 36,735 (La.App. 2 Cir. 3/5/03), 840 So.2d 665, writ denied, 2003-1219 (La.6/27/03), 847 So.2d 1276.

. Murray v. German Mut. Ins. Co., 37-697 (La.App. 2 Cir. 9/24/03), 856 So.2d 81, writ denied, 2003-3168 (La.2/13/04), 867 So.2d 698.